## MORGAN vs. MORGAN.

1. Where parties to a rule against the sheriff for the distribution of money claim it in their individual characters, and it appears from the testimony that whatsoever of rights they have arise in their representative capacities, the pleadings should conform to the proof before the same is awarded to either.

2. A tenant at will or his legal representative is entitled to emblements, whether the tenancy is terminated on notice or by the death of the tenant.

3. One renting land from another becomes his tenant,although he may not own the land, and the relation of landlord and tenant exists, with liability to pay the landlord or his representative the amount due for rent.

Landlord and tenant. Emblements. Lien. Money rule. Before Judge BUCHANAN. Campbell Superior Court. February Term, 1880.

Reported in the decision.

THOMAS W. LATHAM; GEORGE LATHAM, for plaintiff in error.

L. S. ROAN; G. F. HOWARD, by H. C. PEEPLES, for defendant.

CRAWFORD, Justice.

The parties to this controversy each sued out a distress warrant for rent, which realized a fund that was brought into court for distribution. It appears that one John Henry Morgan has the deed to the land rented, but that Mark Morgan, his brother, has been in the possession, use and occupation of the same from the first of the year 1873 to March 31, 1879, by the owner's consent. It further appears that he, and the owner of the land, lived with their mother, the plaintiff in one of the distress warrants, until he was some thirty years of age, and aided in the

general support of the family, and making the property, which seems to have been used very much in common among them. Upon his marriage in 1873, by the consent of his mother and brother, he went upon this land from which the rent was recovered, built houses, cleared, fenced, made general improvements, paid the taxes and remained thereon until on March 31, 1879, when, for reasons which are not material here, he went temporarily into another county, where he died in the July following.

The testimony is that Mark Morgan, this deceased brother and son, and who was in the possession of this land, rented it about the first day of January, 1879, to one Henry North, who entered upon it under the contract and commenced his preparation for a crop. That about two weeks after Mark's departure he signed another contract for rent for the same year for the same land, with Catharine Morgan, remained upon it and made a crop. In the fall of that year, Lettie Morgan, the widow of Mark, as well as Catharine Morgan, distrained for rent, each in her own individual name. On the trial of this rule however, Catharine Morgan testified that she was the general agent of her son, John Henry Morgan, and as such was entitled to the money, whilst Lettie Morgan claimed, that she being the sole heir of Mark, and his administratrix, was entitled. But neither of them had commenced proceedings according to the representative character in which she claimed the fund.

The judge, who by consent tried the case without the aid of a jury, directed the money to be paid over to Lettie Morgan, and Catharine alleges this to be error, and asks that that judgment be reversed.

We do not think, under the law and facts as they appear in the record, that Lettie Morgan was entitled to this rent. There was no contract with her, either expressed or implied, for the rent of this land, yet she proceeded as the landlord with a distress warrant against the tenant, and under it claimed the money.

Morgan *vs.* Morgan.

Catharine Morgan could with much more legal show of right have claimed it, because she did have a contract of rent with the tenant; yet under the proof, she and John Henry both testified to matters which, according to the pleadings as they stood at the trial, showed her unauthorized either to make the contract for rent with Henry North or to sue out this distress warrant.

The case, therefore, must be sent back for a new trial, because the disposition of the money turns upon the manner in which Mark Morgan held the land, whether as tenant at will, or from year to year. If a tenant at will, then whether he either had notice to terminate, or did by his own act terminate the tenancy; and in this connection is to be ascertained his right to emblements as provided by law. If a tenant for the calendar year 1879, then did he make a contract of rent with Henry North, for if he did, then Henry North became his tenant, and was liable to him for the rent he agreed to pay, and this would be so although Mark Morgan might be liable to John Henry for the $40.00, which it is claimed that Mark was to pay for the use of the land.

Besides, it seems quite settled by the testimony that the tenant, North, made two contracts for rent, and he should be protected, if important to him, and should be allowed to appear and make himself a party to the rule. Indeed, any party in interest is entitled to be heard, and by proper pleadings set up a claim to the fund; thus John Henry Morgan by himself or agent, Catharine Morgan, and Lettie Morgan, as the administratrix and sole heir of her husband, can legally contest with each other over the money.

In the distribution of money by the superior court, where the same is in the hands of its sheriff, even common law courts sit as courts of equity, and especially is that true in this state. 40 *Ga.*, 430.

Judgment reversed.