## SPENCE v. WILSON.

1. Where one rents land from the agent of the owner, the contract being made with the agent in his individual name, the latter may maintain an action on such contract, though the fact of his agency was known by the renter; and accordingly the payment of such rent may be enforced by a distress warrant sued out by the agent in his own name. .

2. Under the proposition announced in the preceding headnote, it follows that there was no necessity for the plaintiff to amend his action by suing for the use of the real owners of the land.

Argued December 15, — Decided December 21, 1897.

Distress warrant — certiorari. Before Judge Sheffield. Decatur superior court. July 14, 1897.

*Bower & Bower*, for plaintiff in error.
*William A. Wimbish* and *Townsend & Westmoreland*, contra.

LEWIS, J. To the levy of a distress warrant in favor of D. T. Wilson against W. B. Spence upon certain cotton, corn, fodder, etc., for rent for the years 1895 and 1896, a counter-affidavit was filed by the defendant. The case was tried in the city court of Decatur county. Upon the trial the following evidence was introduced. Plaintiff introduced two notes as follows: "Faceville, Ga., January 1, 1896. Rent note. 2250 lbs. On or by the first of October next, I promise to pay to D. T.

Wilson or bearer twenty-two hundred and fifty pounds of middling cotton, delivered at Faceville, Ga., for value received. W. B. Spence." "Faceville, Ga., May 30, 1896. Rent note. $32.00. On or by 1st October next, I promise to pay to D. T. Wilson or bearer the sum of thirty-two dollars for value received. W. B. Spence." Plaintiff testified that the notes were due and unpaid; that he did not own the land rented at the time of the contract with Spence, but was merely agent for the Dickenson estate, was acting for the estate at the time, and was not the landlord and is not now; that he had no interest in the land nor the notes, for they belong to the Dickenson estate, and this was known to both him and Spence at the time he rented the land to him as agent for the Dickenson estate; that Spence knew that the Dickenson estate owned the land, and he rented it as such. The value of the cotton mentioned in the larger note was $160.00 upon the date it fell due. Counsel for plaintiff objected to the evidence going to show the ownership of the property and of the rents, and all trades connected therewith, which objection the court overruled. Counsel for defendant then moved for a nonsuit, upon the ground that plaintiff had shown by his own evidence the absolute lack of the relation of landlord and tenant between plaintiff and defendant. Plaintiff's counsel thereupon "moved to amend the affidavit by making the same for the use of the Dickenson estate. The court overruled the motion, upon the ground that it was adding new and distinct parties, and that such amendments did not relate to this kind of a suit." The court then granted the defendant's motion for a nonsuit. The plaintiff took the case to the superior court by certiorari, alleging that the court erred: (1) in permitting defendant to attack his landlord's title, and permitting the plaintiff to testify that Mrs. Allen and Mrs. Wimbish were the owners of the land; and (2) in refusing to allow plaintiff to amend by setting out that he acted as agent for his principals, and setting out the names of the principals. The judge of the city court, in his answer, stated that "the names of Mrs. Allen and Mrs. Wimbish were not mentioned in the trial, the Dickenson estate alone being mentioned as usee." The judge of the superior court sustained the certiorari; to which

ruling defendant excepts upon numerous grounds, which, under the view we take of this case, will be unnecessary to be stated.

1. We are of the opinion that, under the facts of the present case, the distress warrant was properly sued out in the first instance. Our Civil Code, § 3037, provides as follows: "Generally an agent has no right of action on contracts made for his principal"; but lays down in express terms the exceptions to this general rule, one of which (subdivision 3 of this section) is stated to be: "In all cases where the contract is made with the agent in his individual name, though his agency be known." From an examination of the evidence in this case, it will be noted that the rent notes were made payable to D. T. Wilson, not as agent, but in his individual capacity, and that the fact that he did not own the land rented at the time of the contract with the defendant Spence, but was merely acting as agent for the Dickenson estate, was known to the defendant. In the case of *Morgan* v. *Morgan*, 65 *Ga.* 493, this court held: "One renting land from another becomes his tenant although he may not own the land, and the relation of landlord and tenant exists, with liability to pay the landlord or his representative the amount due for rent." To demonstrate the correctness of the proposition announced in the first headnote, it is only necessary to apply the law herein cited to the facts of the case.

2. It follows, therefore, from what we have above said, that Wilson, the plaintiff, could enforce the payment of this rent by a distress warrant sued out in his own name; no necessity for any amendment existed; and the judge of the superior court did not err in sustaining the petition for certiorari.

*Judgment affirmed. All the Justices concurring.*