## J. S. MANN v. J. C. FULLER.

**No. 12,181.**   (66 Pac. 627.)

#### SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Repairs—Damages.* A lessor who, in the absence of a stipulation to repair, nevertheless, at the request of the tenant, gratuitously undertakes to make repairs, but does so in such an unworkmanlike and unskilful manner that damage therefrom results to the tenant, is liable to the latter for such loss, and such damage, under the circumstances of this case, may be counter-claimed in an action to recover past-due rents.

Error from Cowley district court; J. A. BURNETTE, judge. Opinion filed November 9, 1901. *In banc.* Reversed.

*McDermott & Johnson,* for plaintiff in error.

*Chas. W. Roberts,* for defendant in error.

The opinion of the court was delivered by

·GREENE, J.: The defendant in error commenced this action in the district court of Cowley county to recover rents due him from the plaintiff in error as his tenant.   The defendant below answered, admitting generally the tenancy and his indebtedness, but pleaded and sought to counter-claim a demand for damages which he alleged that he had sustained by reason of the building's having become untenantable during the existence of the lease, and the neglect of plaintiff below to repair the same.   The special allegation was that the roof of a part of the building had become out of repair to such an extent that when it rained water leaked through and upon the stock of goods carried by the defendant ; that he requested the lessor to repair the roof, and, in compliance therewith, the latter undertook to make such repairs, but made them in such an unskilful and unworkmanlike manner that the roof continued to leak, and that damage to him resulted therefrom.   He prayed for judgment on his counter-claim against the plaintiff below.   The plaintiff below filed a motion for judgment on the pleadings, which was sustained, and judgment rendered for the amount claimed by the plaintiff in his petition.   The defendant brings the case here for review.

There is no provision in the lease that requires the lessor to make repairs, and whether he would be liable, notwithstanding the absence of such condition, is not a question in this case.   The only question presented is whether a lessor, in the absence of a stipu-

lation to make repairs, is liable for damages sustained by the lessee after the lessor, at the request of the lessee, gratutiously undertakes to make the repairs, but does so in such a careless and unworkmanlike manner as to result in injury or loss to his tenant.

The authorities uniformly hold that, if one enters upon the performance of even a gratuitous undertaking, and does it so negligently as to injure the other party, he is responsible. Mr. Kent, in speaking on this principle, says :

"A distinction exists between non-feasance and misfeasance ; that is, between a total omission to do an act which one gratuitously promises to do, and a culpable negligence in the execution of it. It is conceded in the English, as well as in the Roman law, that if a party makes a gratuitous engagement, and actually enters upon the execution of the business, and does it amiss, through the want of due care, by which damage ensues to the other party, an action will lie for this misfeasance." (Vol. 2, 14th ed. 570.)

(See, also, *Thorne v. Deaz,* 4 Johns. [N. Y.] 84, and authorities there cited.)

It has also been frequently held that if a lessor gratuitously undertakes to repair leased premises, the tenant has a right to rely upon his making such repairs in a skilful and workmanlike manner, and if he fails so to do, and, by reason of such failure, damage and loss result thereafter to the tenant, the lessor is liable. In *Gregor v. Cady,* 82 Me. 131, 19 Atl. 108, 17 Am. St. Rep. 466, the principle was announced in the following language : "A landlord who, at the solicitation of his tenant, gratuitously undertakes to repair the premises leased, but does it so unskilfully as to subsequently cause an injury thereby to the tenant, is liable therefor." To the same effect is *Gill v. Middleton,* 105 Mass. 477, 7 Am. Rep. 548 : "A landlord

Mann v. Fuller.

whose neglect to use ordinary skill in making repairs on the demised premises causes a personal injury to the tenant is liable therefor, although his undertaking to make the repairs was gratuitous and by the tenant's solicitation.''

A contention on the part of defendant in error is that, in the absence of a stipulation to repair, the lessor was not bound to do so, and if he did go upon the premises while in the possession of the defendant, and not in pursuance of any obligation so to do, he was a trespasser, and whatever he did was tortious, and the damage to the lessee, as a result of this tort, cannot be counter-claimed in an action on a contract.   In contending that the act of the lessor in this instance was a tort, we think counsel for defendant in error is mistaken.   The lessee is the only person who could object to the lessor's entering upon the premises, and it appears that it was at his special request that the lessor entered and undertook to make the repairs.   It cannot be said that one going upon the premises occupied by another, at the instance and invitation of the occupant, to perform certain acts thereon at his request, is a trespasser while acting in the line of the request.

The judgment of the court below is therefore reversed.