### 4379.   HERIOT v. CONNERAT.

1. Error in rejecting testimony is generally not cause for a new trial when the witness is subsequently permitted to testify to the same effect.

2. In the absence of contract, the landlord is bound to make necessary repairs on the rented premises, but this statutory obligation may be waived by the tenant; and if he contracts to keep the premises in good repair, he can not, in a suit for the rent, prove that after the lease was executed, the landlord, without any new consideration, agreed to put the premises in repair.

3. The evidence was conflicting, but authorized the verdict.
    DECIDED DECEMBER 21, 1912. REHEARING DENIED FEBRUARY 3, 1913.

Distraint; from city court of Savannah—Judge Davis Freeman. August 8, 1912.

*Twiggs & Gazan,* for plaintiff in error.   *Oliver & Oliver,* contra.

POTTLE, J. Mrs. Connerat sued out both a distress warrant and a dispossessory warrant against Heriot. The defendant filed counter-affidavits denying indebtedness, and the issue thus made came on for trial before a jury. The jury found a verdict for double rent in favor of the plaintiff, and the defendant's motion for a new trial was overruled.

The issue between the parties was as to whether the landlord was liable for the cost of certain repairs which had been made on the rented premises by the tenant. The contract of rent was in writing, and under it the tenant agreed "to keep the premises in

good repair, natural wear and tear excepted." It is contended that this stipulation in the lease did not absolve the landlord from the statutory obligation to so repair the building before the tenant began his occupancy thereof as to make it suitable for the purposes for which it was rented. Complaint is made in the motion for a new trial that the court refused to permit the defendant to testify that as a part of the consideration for the lease contract, and before it was signed, the landlord agreed to repair and put the building in first-class condition, and that, by reason of this promise, the defendant agreed to pay as rent a sum larger than the landlord had theretofore been receiving for the premises. Since the contract is silent as to any repairs to be made upon the building prior to its occupancy by the tenant, and since the landlord was under a duty to put the building in a condition where it would be suitable for the purposes for which it was rented, it was doubtless competent for the defendant to prove that the landlord agreed to make such improvements and repairs, if the defendant would sign a lease upon the terms therein mentioned.

The trial judge instructed the jury that while, under the lease contract, the tenant was bound to keep the premises in good condition, natural wear and tear excepted, yet if the premises when leased were not in a condition reasonably suited for the uses intended, and if the tenant was not apprised of this fact, the landlord would be bound to so repair the property as to make it suitable for the uses intended, but that even if the building was in a dilapidated condition, if the tenant knew this, and entered into possession and signed the lease with this knowledge, he could not hold the landlord responsible for any expenses incurred in improving and repairing the building.

During the course of his testimony the defendant was allowed to testify as follows: "As to whether, after making the examination, I accepted the lease on the 23rd day of May, 1910, I did, with the stipulation that if they would do the repairing." Further on he testified: "I was not going to take the property unless she made the repairs." In view of the fact that the defendant was allowed to testify as above set forth, without objection, it was not error requiring the grant of a new trial that the court refused to permit him, at another time during the course of his testimony, to testify substantially to the same effect. Error in rejecting testimony will

not ordinarily require the grant of a new trial, where the witness is subsequently permitted to testify to the fact embodied in the rejected testimony.

Error is assigned upon the following charge: "Now, in this case, if there was any agreement after the lease was entered into on the part of Mrs. Connerat, to do anything there that she was not obligated in the first place to do, there would be no consideration for it, and it would be what is called a nude pact. In other words, it would be a promise without consideration, and she would not be bound by it." This is undoubtedly good law. All prior negotiations were merged into the writing, and it was certainly not error to instruct the jury that Mrs. Connerat would not, in the absence of an additional consideration, be bound by any agreement made after the lease, to do anything which she was not obligated to do under the lease. In the absence of contract, a landlord is bound for necessary repairs on the rented premises, but when the tenant agrees to relieve the landlord of this obligation and make the repairs himself, he is bound by it, and the duty imposed on the landlord by statute, to make the repairs, no longer arises.

The evidence was conflicting on the controlling issues in the case. As stated by counsel for the plaintiff in error in their brief: "The questions before this court under the writ of error are purely legal and have but slight reference to the facts. Whether Dr. Heriot did improving rather than repairing, whether he was or was not authorized to do any work, whether he has been extravagant in the payment therefor, and whether he has been guilty of deception and fraud growing out of the transaction, are not live questions at this time, and can not elucidate the issues before this court." We fully agree with counsel in their diagnosis of the record; but we can not agree with them that there is merit in the assignments of error in the motion for a new trial upon the legal questions which are therein raised.          *Judgment affirmed.*