No. 20,649.

T. F. GARNER, *Appellee,* v. THE DODGE CITY WHOLESALE GROCERY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. TRIAL—*Motion for Continuance—Absent Witness—Judicial Discretion.* No abuse of discretion is shown in refusing the application of a corporation defendant for a continuance in order to procure the attendance of its president, who had absented himself with knowledge that the case had been set for trial.

2. LEASE—*Landlord's Promise to Repair.* Where a written lease provides that repairs are to be made by the tenant, the landlord's subsequent promise to make them is not enforceable, unless supported by a new consideration.

3. SAME—*No Implied Obligation to Make Repairs.* The landlord is not under any implied obligation to make repairs.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed December 8, 1917. Affirmed.

*J. M. Kirkpatrick,* of Dodge City, for the appellant.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellee.

The opinion of the court was delivered by

MASON, J.: T. F. Garner brought an action against his tenant, the Dodge City Wholesale Grocery Company, for a balance due as rent, and for injuries done to the rented property. The defendant denied liability and set up a counterclaim by reason of injuries to goods, caused by a defective roof. Judgment was rendered for the plaintiff and the defendant appeals.

1. When the case was reached for trial the defendant's attorney asked a continuance on account of the absence of a witness—the president of the company. The request was denied, and complaint is made of that ruling. No such showing was made as to give the defendant a right to a continuance under the statute. The matter rested in the discretion of the trial court. It appears that the witness had been present a few days before and had known of the case being set for trial. In that situation there is no room for a contention that there was any abuse of discretion.

2. The lease was in writing and contained no provision for repairs by the landlord. On the contrary, by its express terms, the tenant agreed that during the life of the lease it would at its own expense "keep said premises and every part thereof in good repair." The defendant offered to show a subsequent oral promise of the plaintiff to make repairs to the roof, but admitted that it was not supported by any new consideration. The court properly rejected the offer. (24 Cyc. 1085.)

"It has frequently been held that the landlord is under no obligation to make repairs, unless such a stipulation is made a part of the original contract, and that any subsequent promise to make repairs, founded merely on the relation of the parties and not one of the considerations of the lease, is without consideration, and for that reason creates no liability." (16 R. C. L. 1033.)

3. The final complaint is of the refusal of the court to allow proof of injuries to the plaintiff's goods caused by the leaky roof. Whether or not this would have afforded a proper measure of damages if the landlord had agreed to make repairs (as to which see *Murrel v. Crawford,* post, p. 118), in the absence of such an agreement no liability on the part of the plaintiff was created by the facts offered to be shown, since he was under no implied duty in that respect. (16 R. C. L. 1030-1033.)

The appellant cites many cases in which the landlord was held liable for damages on account of losses occasioned by his failure to repair, but in each of them he had expressly assumed such an obligation or, as in *Mann v. Fuller,* 63 Kan. 664, 66 Pac. 627, had attempted to make repairs and injury resulted from the unskillfulness of the work.

The judgment is affirmed.