22656. PUGH *v.* MIDDLEBROOKS *et al.*

STEPHENS, J. 1. It is not essential to the relationship of landlord and tenant that the landlord be the owner of the premises. That relationship may be established where one not the owner of premises leases them to another, and the latter is in possession under the contract as a tenant. *Scott* v. *Berry,* 46 *Ga.* 394; *Morgan* v. *Morgan,* 65 *Ga.* 493; *Spence* v. *Wilson,* 102 *Ga.* 762 (29 S. E. 713).

2. Where a person, after agreeing with a prospective tenant to lease to him certain premises, referred him to another person, stating that the rentals had been turned over to that person, and where the prospective tenant saw the person to whom he was referred and agreed orally with him for the lease of the premises, and entered into possession as tenant, paid the rent to the person with whom he negotiated the lease, and took from him receipts for the rent, signed by him in the name of the person first approached, the inference is authorized that a lease of the premises was made by either of the two persons approached by the prospective tenant or both. This is true notwithstanding neither of the persons so leasing the property was owner thereof.

3. Where a tenant requested the landlord to repair steps upon the premises, and, about three weeks thereafter and shortly after the steps had been repaired, the tenant's wife, who was an occupant of the premises, believing that the steps were in good condition, undertook to descend them, and while she was so doing the steps fell away from the house, to which they were not securely attached, and she was thereby caused to fall and sustained personal injuries, the inference is authorized that the landlord was negligent in failing to properly repair the steps, after due notice, that the defective condition of the steps was not patent and was unknown to the person injured, and that the injuries received were proximately caused by the negligence of the landlord.

4. In a suit by the injured person, against the two persons with whom the

plaintiff's husband had negotiated for the rental of the premises, to recover damages for personal injuries because of the alleged negligence of the defendant in failing to keep the premises in repair, where the evidence was as above indicated in paragraphs 2 and 3, a verdict for the plaintiff was authorized, and the court erred in directing a verdict for the defendants.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 20, 1933.

*Stephens Crockett,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendants.