## 23607. JADRONJA *v*. BRICKER.

DECIDED MARCH 31, 1934.

*Robert F. Turnipseed*, for plaintiff.

*Dorsey, Shelton & Pharr, Harold T. Palterson*, for defendant.

SUTTON, J. This was an action by a tenant against his landlord for alleged damage to his person and property because of negligence of the landlord in repairing the leased premises. A general demurrer was sustained and the petition dismissed, and to this judgment the tenant excepted.

The lease between the parties contained these stipulations: The lessee accepts the premises in the condition they are in at the beginning of this lease. The lessee agrees to make all necessary repairs during the term of the lease, to require no repairs to be made by the lessor, and to release the lessor from all liability for any damage of any character that may accrue during the term of this lease on account of the condition of said premises. By statute in this State the landlord must keep the premises in repair. Civil Code (1910), § 3699. This may be waived by the tenant in the lease contract. *Heriot* v. *Connerat*, 12 *Ga. App.* 203 (76 S. E. 1066). In such a case the tenant can not recover from the landlord for damage to his property caused by a defect in the leased premises. *Buchanan* v. *Tesler*, 39 *Ga. App.* 799 (148 S. E. 614). Where it is expressly agreed in writing before the execution of a lease that the lessor shall not be liable for want of repairs, the tenant can not recoup damages for want of repairs, although the defects are known to the landlord and can not be discovered by the tenant by reasonable diligence. Bullock &c. Electric Co. *v*. Coleman, 136 Ala. 610 (33 So. 884). A landlord may by express contract relieve himself from liability for concealed defects in the premises, known to him but unknown to the tenant. 36 C. J. 207. The mere fact that the landlord has made repairs at the request of the tenant does not im-

pose upon the landlord any obligation to continue to make repairs. 36 C. J. 127.

However, a written lease may be subsequently modified by adding to or altering its provisions. A proposed modification of the lease, acted upon by one party and distinctly acquiesced in by the other party, is ordinarily sufficient to establish such modification. However, in order to render valid a subsequent modification, it must be supported by a sufficient consideration. An agreement by a party to a lease to perform an act which he is required to perform by the original lease does not constitute a consideration. See *Bush* v. *Rawlins,* 89 *Ga.* 117 (14 S. E. 886); *Heriot* v. *Connerat,* supra. "So, as is the case with all new agreements which modify existing obligatory contracts, a consideration of some sort is held necessary to support any promise by either landlord or tenant which substantially modifies the terms of the existing tenancy, unless the modified agreement has been executed." 43 A. L. R. 1454, note. Where by the terms of the lease the landlord has not the obligation of repairing the premises, a promise made by him during the term to make repairs, or lay out money in having repairs made, must be supported by some new consideration to be valid; otherwise, it is considered ex nudo pacto non oritur actio. Id. 1494. The mere promise of a party to a lease to perform his obligations under it is no consideration moving to the other party for a new agreement. So whether a consideration for a promise by a landlord may consist in the tenant's promise to continue to pay rent and remain on the premises depends entirely upon whether he is obligated by the original lease to occupy the premises. The true rule seems to be that the mere promise of a landlord to repair the demised premises, based alone on the agreement of the tenant to relinquish his express purpose to abandon them before the end of his term, is without consideration. The tenant is bound to retain the premises during the term, whether the landlord repairs them or not, and an agreement to continue the tenancy furnishes no consideration for the promise to repair.

However, parties to a lease can not escape from their modifying agreement on the ground of want of consideration, where it has been fully executed. 43 A. L. R. 1458, note. A landlord undertaking to repair leased premises at the request of his tenant, when under no obligation so to do, and who assures his tenant that such

repairs have been made, is answerable *in tort* to the tenant, if the latter, relying on such assurance, suffers injury by reason of the defects not being properly repaired. Gregor v. Cady, 82 Me. 131 (19 Atl. 108, 17 Am. St. R. 466); Horton v. Early, 39 Okla. 99 (134 Pac. 436, Ann. Cas. 1915D, 825, 47 L. R. A. (N. S.) 314); Sparks v. Murray, 120 Ark. 17 (178 S. W. 909); Walker v. Shoemaker, 4 Hun, 579; Mann v. Fuller, 63 Kan. 664 (66 Pac. 627); Kirshenbaum v. General Outdoor Adv. Co, 258 N. Y. 489 (180 N. E. 245, 84 A. L. R. 645); 16 R. C. L. 1045, § 565. See also *Marr* v. *Dieler, 27 Ga. App. 711* (109 S. E. 532).

The petition in this case alleges: that in November, 1932, the roof on the building leased from the defendant was in disrepair; that it rained and damage was done to plaintiff's property by reason of the leaky roof; that he notified the defendant of this and refused to pay any further rent; that the defendant sent workmen to repair the roof; that they attempted to repair the same and defendant's agent informed the plaintiff that the roof was repaired and for plaintiff to remain on the premises; that the plaintiff, relying on this assurance, paid the rent and remained on the premises; that in December, 1932, it rained again and the roof still leaked, causing further damage to plaintiff's property; that the plaintiff again refused to pay the rent and notified the defendant that the roof still leaked; that the defendant again sent workmen to repair the roof; that the defendant's agent notified plaintiff that the roof was now repaired, and plaintiff, relying on this assurance, paid the rent and remained in the building; that it rained in January, 1933, when it was discovered that the roof had not been repaired so as to stop the leaks, and plaintiff's property was further damaged thereby; that plaintiff notified the defendant of this and refused to pay the rent; that defendant again attempted to repair the roof and notified the plaintiff that it was so repaired, whereupon the plaintiff paid the rent; and that on February 1, 1933, the roof still leaking and damaging plaintiff, plaintiff was forced to vacate the premises. Taking the allegations of the petition as a whole, we think that the same makes a case, good as against general demurrer, for any legitimate damage to the person and property of the plaintiff which was caused directly by the insufficient repairs made on the roof in November and December, 1932, and in January, 1933. The plaintiff would

not be entitled to recover for any damage caused to his person or property by the leaking roof prior to the time the defendant undertook to repair the same.

It follows that the court should not have sustained the general demurrer attacking the petition on the ground that no cause of action was set out therein.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*