## 25437. HILL v. LIEBMAN INCORPORATED.

Decided June 9, 1936.

*Ben C. Williford,* for plaintiff.
*Brandon, Hynds & Tindall,* for defendant.

Sutton, J. Plaintiff brought suit for damages against Liebman Inc. on account of certain injuries sustained by her on account of defendant's alleged negligence. Plaintiff alleged that she rented a certain "cottage" from the defendant; that it developed that the flooring of the living room thereof was defective and dangerous in that it was rotten; which condition was reported to the defendant; "that defendant inspected and repaired said floor, and after repairing the same advised" her "that it had been thoroughly inspected and repaired and was perfectly safe for her to use;" and "that same appeared to her to be safe for use and she continued to use the same," whereupon such floor broke through, injuring plaintiff. Plaintiff alleged that defendant was negligent in failing properly to repair the floor in that defendant left the floor in a defective and dangerous condition by not removing the

rotten under portion thereof and by not replacing a certain cross-grained plank therein, and in informing plaintiff that it had repaired the floor and advising plaintiff that said floor was safe and instructing her to use the same. By an amendment in response to a special demurrer sustained by the trial judge, plaintiff set up that she was unable to state who was the owner of such property, but that defendant informed her that it had the premises and would like to rent the same to her, and had since accepted rent from the plaintiff therefor. The defendant moved to dismiss plaintiff's petition, as amended, because it was not alleged that defendant was the owner of the premises. The trial judge sustained this motion and dismissed the petition, and to this judgment plaintiff excepted.

■ "The landlord must keep the premises in repair." Code of 1933, § 61-111. He is liable for damages for injuries to the tenant caused "from failure to keep the premises in repair." Code of 1933, § 61-112. Where the landlord is notified of defective premises and he undertakes to repair the same, he must properly repair such premises, and he will be liable in a proper case for his negligence in repairing the same. *Adams* v. *Klasing,* 20 *Ga. App.* 203 (92 S. E. 960); *Marr* v. *Dieler,* 27 *Ga. App.* 711 (109 S. E. 532). The plaintiff alleged that she rented the leased premises from the defendant and that the rent was paid to and accepted by defendant. A person may be landlord without being owner, and the obvious meaning of the allegation that the plaintiff rented the premises from the defendant is that as to such premises defendant was the landlord and plaintiff the tenant. An action by a tenant, against one from whom she rented certain premises, for damages on account of the negligence of the latter in making repairs to the premises, is not subject to demurrer because it does not appear that the defendant is the owner of the premises. *Pugh* v. *Middlebrooks,* 47 *Ga. App.* 528 (171 S. E. 160), and cit.; *Harrison* v. *Guill,* 46 *Ga.* 427.

■ Where one rents premises to another and undertakes to repair them, whether bound to do so or not, but is negligent in so doing, and makes improper repairs, and assures the tenant that the same are in a safe condition to be used, and the tenant, relying on such assurance, is injured in the ordinary use of such premises because of their improper repair, the defendant is liable in tort to

the tenant. *Jadronja* v. *Bricker,* 49 *Ga. App.* 37 (174 S. E. 251), and cit.; *Marr* v. *Dieler, Adams* v. *Klasing,* and *Pugh* v. *Middlebrooks,* supra; 34 L. R. A. (N. S.) 806. The petition as amended was not subject to defendant's motion to dismiss on the ground that plaintiff did not allege either in the original petition or the amendment thereto that the defendant is the owner of the rented premises. Defendant attacked paragraph 3 of the petition because plaintiff failed to allege whether she rented the premises from defendant as owner or as agent for another, and the judge sustained this demurrer with leave to plaintiff to amend. Plaintiff, without excepting to this order, amended her petition and alleged that she did not know who was the owner, but that defendant informed her that it wished to rent the premises to her, did rent the same to her, and has since accepted the rent therefor. It would seem that this amendment of the plaintiff was sufficient under the law. Furthermore, under the facts of this case, the plaintiff was not concluded by the conditional order of the court on the special demurrer. *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136); *McConnell* v. *Frank E. Block Co.,* 26 *Ga. App.* 550 (106 S. E. 617); *Smith* v. *Bugg,* 35 *Ga. App.* 317 (133 S. E. 49).

3. The judge erred in dismissing plaintiff's petition because it did not appear that the defendant was the owner of the rented premises.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*