25780. BATES *v.* CHAPMAN-BALDWIN REALTY COMPANY INC.

514

DECIDED NOVEMBER 7, 1936.

*Ben C. Williford,* for plaintiff.

*McElreath, Scott, Duckworth & DuVall,* for defendant.

SUTTON, J.  Robert Bates, a child of three and a half years, by his father as next friend, brought suit for damages against Chapman-Baldwin Realty Company and J. & S. Realty Company, for personal injuries caused by alleged negligence of the defendants.  It was alleged that the plaintiff's father rented a certain described residence from the defendants, on May 3, 1935; that on May 7, 1935, a large block of the overhead plastering in one of the rooms thereof and weighing about 200 pounds fell on the plaintiff's head and injured him; that the defendants had been notified of the dangerous condition of the overhead plastering, and they failed and refused to fix it, but on the contrary advised the tenant that the room was perfectly safe and to proceed to use it; that the defendants were negligent in failing and refusing to repair the house, and in advising and instructing the tenant as just stated; that said plastering was "all buckled up," and the defendants knew or could and should have known by a proper inspection thereof that it was unsafe and dangerous for persons in

said house; and that the alleged negligence of the defendants was the proximate cause of the plaintiff's injuries. The defendants demurred to the petition, on the general ground that it failed to set out a cause of action; and on the special grounds (1) that it was not alleged what the connection of either of the defendants with the rented premises was, or who was the owner thereof, or with whom the plaintiff dealt in renting the premises; and (2) that it was not alleged when or what agent or officer of the defendants was notified, or what agent or officer thereof advised the plaintiff's father that the said room was perfectly safe and to proceed to use it. The special demurrer was sustained, with leave to amend within fifteen days, "by stating the exact connection of each of the defendants with the premises referred to," and by stating when, to whom, and the character of the alleged notice to the defendants, in default of which amendment the case would stand dismissed. Other grounds of special demurrers were overruled, and the court did not pass on the general demurrer. The plaintiff filed exceptions pendente lite to the court's order. He amended to meet the two grounds of special demurrer, by alleging that he did not know who the owner of the rented premises was, but that he rented the same from the Chapman-Baldwin Realty Company, though he did not know the name of the agent or officer of said company with whom he dealt; that the notice was given to the person who collects the rents for the defendants and before the injuries complained of, but he did not know the name, or the date of the notice. Amendment was allowed and ordered filed.

The case came on again for a hearing on demurrer, and the court held that it appeared that the plaintiff had failed to amend as required by the previous order, and adjudged that the case be dismissed. To that judgment the plaintiff excepted, and assigned error also on the exceptions pendente lite.

■ "Where the court enters an order sustaining demurrers, but gives leave to the plaintiff to amend the petition within a specified time, and orders that in default of such amendment the petition stand dismissed, and thereafter the plaintiff files exceptions pendente lite assigning error upon such judgment, but on the same·day offers an amendment seeking to perfect the petition as well as specified paragraphs thereof, the assignments of error presented by the exceptions pendente lite will not avail him; for,

by meeting the ruling of the court by offering to amend, he waives the right to except to the ruling holding that his pleadings are open to the attacks made by the demurrer." *Baker* v. *Calloway*, 167 *Ga.* 908, 919 (147 S. E. 562), and cit.; *McConnell* v. *Frank E. Block Co.*, 26 *Ga. App.* 550 (106 S. E. 617), and cit.

■ A person may be the landlord without being the owner of the rented premises. And where the petition alleges that the plaintiff rented the premises from a certain named defendant, but that the plaintiff does not know who the owner is or the name of the agent of the defendant who rented to him, the relation between the plaintiff and this defendant as to such premises is that of landlord and tenant. The petition as amended was sufficient to meet the ground of the special demurrer to the effect that the petition failed to show what the relation between the plaintiff and this defendant was or who the owner was. *Harrison* v. *Guill*, 46 *Ga.* 427; *Pugh* v. *Middlebrooks*, 47 *Ga. App.* 528 (171 S. E. 160); *Hill* v. *Liebman Inc.*, 53 *Ga. App.* 462 (186 S. E. 431).

■ The other ground of the special demurrer, as to notice, etc., and the order of the court thereon, were sufficiently met where the petition as amended in this respect alleged that the defendants had been notified of the defective condition of the overhead plastering in said room, and that they failed and refused to fix the same, but on the contrary advised the plaintiff's father that the room was perfectly safe and to proceed to use it; that the notice was given to the person who collects the rents for the defendants, before the injuries complained of, though the plaintiff did not know the name of the agent or the date of the notice, and for lack of information could not give them. *Hill* v. *Liebman Inc.*, supra; *Steed* v. *Harris*, 52 *Ga. App.* 581 (183 S. E. 847).

■ The amendment to the petition, in so far as it related to the Chapman-Baldwin Realty Company, sufficiently met the two grounds of the special demurrer, and substantially complied with the order of the court thereon, but failed to do so as to the other defendant, the J. & S. Realty Company. Therefore the order adjudging that the case stand dismissed by operation of the previous order (which only sustained two special demurrers, with leave to amend) was erroneous in respect to the Chapman-Baldwin Realty Company, and is reversed as to that defendant, but is affirmed as to the other defendant, the J. & S. Realty Company.

*Judgment reversed in part and affirmed in part. Jenkins, P. J., and Stephens, J., concur.*