25716. WALL REALTY COMPANY v. LESLIE.

DECIDED NOVEMBER 19, 1936.

*McElreath, Scott, Duckworth & Duvall,* for plaintiff in error.
*Ben C. Williford,* contra.

SUTTON, J.  The plaintiff brought suit for damages against the Wall Realty Company, a corporation, on account of certain injuries sustained because of alleged negligence of the defendant. The pleadings and the evidence make substantially the following case: The plaintiff's husband, John Leslie, went to the office of the defendant on January 1, 1934, and inquired whether the defendant had a certain small residence for rent, and was informed that it had.  He stated that he wanted to rent the property, and was directed to one of the employees in the office, who rented him the property, accepted the rent therfor, and gave him a receipt in the name of the defendant.  The rent was paid to the same person at different times thereafter, and receipts were given therefor in the name of the defendant.  Leslie did not know whether the defendant owned the property or not, but its employee rented it to him and receipted for the rent without disclosing another person as the owner.  The steps attached to the back of the house appeared, from the upper side, to be safe and all right for the plaintiff to use, but they had rotted out from the under side and were defective and dangerous, which condition was not known to the plaintiff, but this defective condition of the steps had been reported by the plaintiff's husband to the defendant, by telling the person with whom he dealt in renting the property and to whom he had paid the rent. This had been done at different times over a period of a month or more, before the plaintiff was injured; and the defendant had promised to repair the steps, but failed to do so.  The defective and dangerous condition of the steps was latent, and the plaintiff did not know and was not informed thereof.  While she descended the steps one of them broke, causing her to fall and receive the injuries for which she sued.  She contended that the defendant was negligent in failing and refusing to furnish to her and her family safe steps over which to pass in and out of the house, and in fail-

ing to repair the steps after being notified of their defective and dangerous condition. The jury returned a verdict for the plaintiff. The defendant's motion for new trial was overruled, and it excepted.

■ A person may be the landlord without being the owner. Where it is shown that the husband of the plaintiff rented the premises from the defendant, but did not know the name of the agent of the defendant with whom he dealt in renting, but this person received the rents and receipted therefor in the name of the defendant, and did not disclose who was the owner of the property, but thereby held the defendant out as such, the relation between the defendant and plaintiff's husband was that of landlord and tenant. *Pugh* v. *Middlebrooks,* 47 *Ga. App.* 528 (171 S. E. 160) ; *Hill* v. *Liebman,* 53 *Ga. App.* 462 (186 S. E. 431) ; *Bates* v. *Chapman-Baldwin Realty Co.,* 53 *Ga. App.* 513 (188 S. E. 290).

■ Ordinarily the landlord must keep the premises in repair, and he is responsible for damages from failure to do so where he has knowledge or notice of the defective or dangerous condition therein. Code, §§ 61-111, 61-112. This rule applies to the facts of this case, where the defendant rented the premises to the plaintiff's husband and parted with the possession, and where the defect in the premises was latent, and notice thereof had been given to the defendant, but of which defect the plaintiff had no knowledge at the time of her alleged injuries. "When the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires. It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, he is chargeable with notice of all the defects that a proper inspection would have disclosed. To this extent he might be charged with liability for injury arising from a defect which was hidden so far as the tenant was concerned." *Stack* v. *Harris,* 111 *Ga.* 149, 151 (36 S. E. 615).

(*a*) "Members of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair." *Crossgrove* v. *Atlantic Coast Line R. Co.,* 30 *Ga. App.* 462 (2) (118 S. E. 694), and cit.; *Hickman*

v. *Toole,* 31 *Ga. App.* 230 (120 S. E. 438); *Kleinberg* v. *Lyons,* 39 *Ga. App.* 774 (4) (148 S. E. 535). This rule is applicable to the facts of this case, where the defendant rented the premises to the plaintiff's husband and parted with the possession, and the defect in the premises was latent, notice of which had been given to the defendant by the tenant, but of which defect the plaintiff had no knowledge at the time of her injuries.

(*b*) The plaintiff had no notice or knowledge of the defective condition of the steps, which was a latent defect, and would not be precluded from recovering for injuries arising therefrom merely because her husband, who was the tenant, knew of the condition of the steps. *Wolbe* v. *Jossey,* 42 *Ga. App.* 612 (157 S. E. 233); *Dessau* v. *Achord,* 50 *Ga. App.* 426 (178 S. E. 396).

(*c*) Notice of the defective condition of the steps, given to the agent with whom the tenant dealt under the instructions of the defendant when the premises were rented, and to whom the rents were paid, was notice to the defendant. "Notice to the agent of any matter connected with his agency shall be notice to the principal." Code, § 4-309; *Prater* v. *Cox,* 64 *Ga.* 706; *Hillyer* v. *Brogden,* 67 *Ga.* 24, 26; *Deveney* v. *Burton,* 110 *Ga.* 56, 62 (35 S. E. 268).

■ The plaintiff's suit was for pain and suffering on account of her alleged injuries. The court charged the jury: "Gentlemen, the plaintiff claims damages for pain and suffering, past, present, and future, and for diminished capacity to labor and work. Well, that is a legitimate item upon which damages may be recovered. As I have already told you, gentlemen, you see if she is incapacitated from work; and if so, if she is entitled to recover, she would be entitled to recover for that; that is included under pain and suffering, and the same standard of measuring such damages applies, as I have just stated, the enlightened consciences of impartial jurors." "A married woman whose capacity to labor has been permanently diminished by physical injury wrongfully inflicted upon her by a railway company may recover damages therefor as an element or species of pain and suffering." *Central of Georgia Railway Co.* v. *Morgan,* 145 *Ga.* 656 (2) (89 S. E. 760). In the quoted charge the court limited the liability of the defendant for the physical impairment of the plaintiff to the pain and suffering caused by her inability to work, and correctly informed

the jury that such inability to work is an element of pain and suffering.

■ In one portion of the charge to the jury the court said: "You will be confined in your deliberations to the particulars in which the plaintiff charges that the defendant was negligent, and you would not be authorized to go outside of or beyond the particulars in which the plaintiff charges the defendant with negligence, to inquire and ascertain as to whether or not the defendant was negligent in some other or any other particulars, because the law is that if the plaintiff recovers she must recover upon her case as she states it to the court and jury, and not otherwise. Therefore you would limit your investigation to the particulars in which the plaintiff charges that the defendant was negligent. And these particulars are as follows: in failing and refusing to furnish petitioner and her family safe steps over which to pass into and out of said house. . . The charge is that the defendant was negligent in failing and refusing to furnish petitioner and her family safe steps over which to pass into and out of said house; in failing to repair said steps after it had been advised of such dangerous condition; in advising petitioner's husband that said steps were safe, and to proceed to use them, when it knew that the same were defective and highly dangerous." This charge was not error for the reason assigned, that it was not adjusted to the pleadings and the evidence, in that it did not appear from either that the plaintiff had notice of any representations by the defendant to the tenant that the steps were all right and to proceed to use them. In so charging the court was stating the contentions of the plaintiff, and instructing the jury that in order to recover she would be confined to the allegations of negligence as made in her petition, these allegations being as follows: that the defendant was negligent in failing and refusing to furnish petitioner and her family safe steps over which to pass into and out of said house, in failing to repair said steps after it had been advised of such dangerous condition, and in advising petitioner's husband that said steps were safe, and to proceed to use them, when it knew that the same were defective and highly dangerous. As shown above, the defendant had been notified of the defective condition of the steps, had promised to repair them, but had failed to do so.

Applying the above rulings, no error is shown in any of the

special grounds of the motion for new trial. The court did not err in overruling the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*