29574. OGLESBY *v.* RUTLEDGE.

DECIDED JULY 16, 1942.

*J. Wightman Bowden,* for plaintiff in error.

*D. A. Pirkle Jr., Burress & Dillard,* contra.

SUTTON, J. This was a suit by Roy Rutledge, a minor three years of age, by his mother as next friend, against Mrs. Julian B. Oglesby. The petition as amended alleged substantially that on or about the first of October, 1940, the defendant rented to the plaintiff's father a described dwelling house in Fulton County, Georgia, for a home for himself and the other members of his fam-

ily; that the house had wooden steps, supported by wooden stringers, leading from the back porch to the back yard, and that the stringers were in a rotted and decayed condition and were covered by the wooden steps which extended several inches beyond them on each side; that when the plaintiff's family moved into the house the defendant was present and went over the premises with the plaintiff's father and mother to determine the necessary repairs to be made, and when going down the back steps now in question the plaintiff's father noticed that the step plaintiff later fell from was loose and called the defendant's attention to the fact that it was loose and needed repairing, and the defendant then and there promised to make the needed repairs on the steps, and did have her employee, who was then repairing the house, to drive two nails in said step; that because of the rotted and decayed condition of the stringers the steps were not securely nailed thereto, and the defendant failed to inspect said steps to see what repairs were necessary, and failed to make the necessary repairs to put the steps in a safe and useable condition, in that said steps needed new stringers; that on October 14, 1940, the plaintiff was using the extreme left side of the steps in going from the back yard to the back porch, and when he reached the third step from the ground his weight caused the nails with which the step was fastened to the stringers on the other side to pull out, and the end of the step he was on went down and the opposite end flew up, causing the plaintiff to fall to the ground and to be injured, as alleged; that the stringers supporting the wooden steps were in a rotted and decayed condition, and the nails from the steps into the stringers would not hold the steps in place, and the defendant knew, or by the exercise of ordinary care could have known, of said decayed condition; that the plaintiff did not know of the dangerous condition of the steps. It was alleged that the defendant was negligent in not repairing the steps so that they could be used with safety, in keeping and maintaining the steps in an unsafe condition for use by the plaintiff, and in failing to warn him of their unsafe condition, and in failing to inspect the steps and to replace the decayed stringers with new ones. It was alleged in paragraph 12 of the petition that the defendant had been informed by tenants, who occupied said premises previously to the time the plaintiff and his family moved into the house, of the needed repairs to be made to the house and especially to the

back steps and porch, and that the defendant had failed and refused to repair the same.

The defendant demurred generally to the petition on the ground that it failed to set out a cause of action against her, for numerous reasons assigned, and also demurred specially to paragraph 12 of the petition on the ground that a notice by prior tenants would not in law be such a notice to the landlord as would bind her or place any duty upon her to inspect or repair the defects now complained of, or authorize her to enter upon the premises of the present tenant for such purpose; and on the further ground that it was not alleged when said tenants occupied the premises, when they vacated the same, or when or how they notified the landlord of the defects in the steps complained of. The court overruled the demurrer, and the exception here is to that judgment.

■ The landlord must keep the premises in repair (Code § 61-111), and he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair (§ 61-112). "A landlord is not an insurer, but he is under a legal duty to keep the rented premises in repair, and is liable in damages to a person who receives injury while lawfully upon the premises and who is in the exercise of due care, if the injury arises because of the defective construction of a building erected on the premises by the landlord, or because of his failure to repair defects of which he knows or in the exercise of reasonable diligence ought to know." *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578). A landlord is liable for injuries to the tenant arising from latent defects unknown to the tenant, existing at the time of the lease, provided the landlord actually knew, or in the exercise of ordinary care on his part might have known, of their existence. *Turner* v. *Dempsey,* 36 *Ga. App.* 44 (135 S. E. 220). It was alleged in the petition in this case that at the time the plaintiff's family moved into the house the defendant was present on the premises, and the plaintiff's father called her attention to the loose plank in the steps here involved, and the defendant then and there promised to make the needed repairs in the steps and did have her employee to drive two nails in said step; that the stringers supporting the steps were in a rotted and decayed condition and were covered by the wooden steps which extended several inches beyond them on each side, and the nails from the steps into the stringers

would not hold the steps in place, and the defendant knew or in the exercise of ordinary care under the circumstances·could have known of the defective condition of said stringers. The inference to be drawn from the allegations of the petition is that the alleged defective condition of the stringers was a latent defect. It was also alleged that the defendant failed to inspect the steps to see what repairs were needed, and failed to make the necessary repairs to put the steps in a safe and usable condition, after his attention was called to the fact that the steps needed to be repaired. "Where the landlord is notified of defective premises and he undertakes to repair the same, he must properly repair such premises, and he will be liable in a proper case for his negligence in repairing the same." *Hill* v. *Liebman*, 53 *Ga. App.* 462, 463 (186 S. E. 431). "A landlord making repairs on the rented premises, either voluntarily or in compliance with his statutory obligation, is required to use due care to leave the repaired portion free from defects; and for personal injuries received by the tenant, or one lawfully on the premises as the guest of the tenant, from negligence in making repairs, when the injured person had no notice of such defective condition and was in the exercise of due care, the landlord is liable." *Marr* v. *Dieter*, 27 *Ga. App.* 711 (4) (109 S. E. 532).. See *Pugh* v. *Middlebrooks*, 47 *Ga. App.* 528 (3) (171 S. E. 160).

■ A member of a tenant's family stands in his shoes and is controlled by the rules governing the tenant as to the right of recovery for·injuries arising from the landlord's failure to properly repair or keep the premises in repair. *Crossgrove* v. *Atlantic Coast Line R. Co.*, 30 *Ga. App.* 462 (2) (118 S. E. 694). However, a child of three years of age is conclusively presumed to be incapable of contributory negligence, and any negligence of the tenant in failing to prevent his child from using the alleged defective portion of the premises would not be imputable to the child in an action maintained in its own behalf. *Williams* v. *Jones*, 26 *Ga. App.* 558 (2) (106 S. E. 616).

■ The petition set out a cause of action against the landlord for failure on her part to properly repair the steps in question by putting them in a safe and usable condition, and for failure to keep the steps in repair, after notice to her from the tenant that the steps needed to be repaired. Consequently the court did not err in overruling the defendant's general demurrer.

■ Paragraph 12 of the petition as amended was subject to the special demurrer thereto on the grounds that it was not alleged when the former tenants referred to occupied the premises, when they vacated the same, and when and how they notified the landlord of the defect in the steps complained of, and the court erred in overruling the special demurrer in this respect, but direction is given that the plaintiff be allowed to amend to meet the special demurrer in this respect; otherwise the paragraph will be stricken.

*Judgment affirmed, with direction. Stephens, P. J., concurs. Felton, J., concurs specially.*