## 29651. BRAND *v.* WALL REALTY COMPANY.

DECIDED DECEMBER 4, 1942. REHEARING DENIED DECEMBER 18, 1942.

*Herschell V. Shelton, Claude O. Garvin, Alton T. Milam,* for plaintiff. *Scott, Dunaway, Riley & Wiggins, J. Lon Duckworth,* for defendant.

FELTON, J. In an action by a tenant against a real-estate company as landlord, to recover damages resulting from alleged defects in rented premises, where it positively appears from the testimony of the tenant herself that the company was only the agent for somebody else, and that it did not purport to be renting it to her for itself, but for another, and where rent receipts were signed by the company "as agents for the owner," the first of which showed the owner to be one other than the company and where there is no other evidence authorizing a finding by a jury that the real-estate company entered into a rental contract with the tenant as landlord and in its own name, a verdict for the real-estate company was demanded, even though the tenant was not informed as to the ownership of the property rented, either voluntarily or in response to request for the information (which was not made). It was not error to direct a verdict for the defendant and to overrule the plaintiff's motion for new trial.

*Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J. dissenting. Mrs. Eleanor Brand brought suit for damages against Wall Realty Company Inc., in which she alleged that because of the defendant's negligence she had sustained personal injuries. The petition alleged that the defendant rented

to the plaintiff certain premises for a residence; that on the rear of the house on such premises is a back porch about five feet above the ground, protruding from and attached to the house on the porch's east side; that around the porch on the east and south sides is a railing of bani·ters; that on the north side are steps leading to the yard, which steps are guarded by a handrail that is attached at the upper end to the railing or banisters around the porch; that about a month after occupying the premises the plaintiff gave to the defendant's duly-authorized agent notice that the handrailing by the back steps was loose and insecure, and requested that it be repaired; that after such notice the defendant made no inspection and no repairs, either to the porch or the handrailing, and that the plaintiff, without any knowledge that the side railing or banisters around the south side of the back porch were defective, leaned against it, whereupon it pulled loose from its fastening and threw her to the ground and she was injured. The petition alleged that if the defendant had inspected the premises and had made the repairs to the railing on the back steps it would have discovered the unsafe condition of the railing or banisters around the south side of the porch which were adjacent to such steps.

Evidence was introduced tending to support the allegations of the petition. It appeared from the evidence that in renting the premises to the plaintiff the defendant acted as renting agent for a foreign corporation who apparently owned the property. The plaintiff testified that the defendant rented the premises to her, and that she dealt with the defendant as her landlord. She further testified that the defendant failed to disclose to her the name of the owner of the premises. At the conclusion of the evidence the court directed a verdict for the defendant. The plaintiff moved for a new trial and assigned error on the direction of the verdict for the reason that the evidence adduced presented issues of fact which should have been passed on by the jury. The motion was overruled, and the plaintiff excepted.

The evidence authorized the jury to find that the rented premises were defective as alleged, and that by reason of such defect, which was latent, the plaintiff was injured when, without fault on her part, she leaned against the banisters and was precipitated to the ground when the banisters gave way. The jury were authorized to find that the plaintiff had notified the defendant as her landlord

of the defective condition of the railing to the back steps; that the defendant failed to inspect and repair these steps, and that had the defendant done so it would, in the exercise of ordinary care, have discovered the defective condition of the banisters to the south side of the back porch which were adjacent to such steps. The plaintiff testified that she gave this notice to an agent of the defendant with whom she had been dealing relatively to the rented premises and whose name was unknown to her. "A statement in the testimony of a witness, to the effect that he reported the existence of a defect in rented premises to the 'agents,' and to 'them' at the office of a designated firm of renting agents, without designating to what particular person he made such report, is equivalent to a statement that the witness reported the matter to the firm; and despite evidence of employees in the office of the firm that the witness had made no such report to any one in the office, a jury are authorized to find that such report was made to the firm designated." *Clarke* v. *Drummond,* 34 *Ga. App.* 550 (130 S. E. 703).

"It is not essential to the relationship of landlord and tenant that the landlord be the owner of the premises. That relationship may be established where one not the owner of premises leases them to another, and the latter is in possession under the contract as a tenant." *Pugh* v. *Middlebrooks,* 47 *Ga. App.* 528 (171 S. E. 160). In *Hill* v. *Liebman Inc.,* 53 *Ga. App.* 462 (186 S. E. 431) this court held that a person may be the landlord without being the owner, and held such landlord liable for negligence in making repairs in an action brought by a person to whom it had rented the premises. The landlord in that case was a real-estate firm acting as a renting agent for the owner. To the same effect see *Bates* v. *Chapman-Baldwin Realty Co. Inc.,* 54 *Ga. App.* 513 (188 S. E. 290), where it was held that the realty company was liable as landlord when it rented the premises to the plaintiff. In that case it appeared, as it does in the present case, that the tenant did not know who the owner of the rented premises was, but dealt with the real-estate agents as landlord. In *Wall Realty Co.* v. *Leslie,* 54 *Ga. App.* 560 (188 S. E. 600), involving the defendant in the case at bar, the plaintiff's husband, like the plaintiff here, went to the office of the defendant real-estate agency and stated that he wanted to rent the premises involved, and the defendant rented the premises to the husband and accepted the rent. In that case the

court held that the relationship between the defendant and the plaintiff's husband was that of landlord and tenant. The plaintiff testified that she knew that the Wall Realty Company were renting agents; that they saw her when she went to the company's office; that she was never told to whom the property belonged; that she knew the company was renting the premises to her as a real-estate agent, and that she rented the premises from the defendant. The facts that the plaintiff knew the defendant was a real-estate agency, and that the defendant did not own the premises and was renting them to her as agent, do not alter the above rule. In *Spence* v. *Wilson,* 102 *Ga.* 762 (29 S. E. 713), cited in *Pugh* v. *Middlebrooks,* supra, it appeared that the tenant knew at the time the premises were rented that the landlord "was merely agent for" the owner, and was acting for the owner. In the *Spence* case the court held: "Where one rents land from the agent of the owner, the contract being made with the agent in his individual name, the latter may maintain an action on such contract, though the fact of his agency was known by the renter."

There was evidence which would have authorized a finding that the rental contract in the case at bar was made between the plaintiff and the defendant in its corporate name. The receipts for the rent were not conclusive to establish as a fact that the defendant was not the landlord of the plaintiff. While the receipts indicated that the Wall Realty Company Inc., was receipting for the money as agent of the "owner," it also appeared on the receipts that the company was the "landlord." While on one of the receipts it did appear that Virginia Trust Company was the owner, it also appeared, and a jury would have been authorized to infer, that Wall Realty Company Inc. was the "landlord." A receipt from a tenant of money payable as rent is only an acknowledgment of the person receipting therefor that he takes the money, and sometimes for what purpose. In so far as the receptor here recited in a receipt for rent that it was not the landlord, if the receipt did so recite, the recital was mere hearsay as tending to show that Wall Realty Company Inc. was not the landlord. These recitals were mere extrajudicial statements made either by Wall Realty Company Inc. or its agent. They were self-serving, in so far as they may be interpreted as showing that Wall Realty Company was not the landlord, and also were mere hearsay, having no probative

value whatsoever. It therefore did not appear by any competent evidence in the receipts that any one other than Wall Realty Company Inc. was the landlord. The receipts therefore, having no probative value in this respect should be entirely disregarded. The contract of rental did not arise out of the giving and taking of the receipts, but arose out of the facts and circumstances governing the contract, whether expressly or impliedly, under which the plaintiff acquired possession of the property as tenant. The evidence was sufficient to authorize the inference that when the plaintiff rented the house from Wall Realty Company Inc. the contract thereby created was one by which Wall Realty Company Inc. was the landlord and the plaintiff was the tenant. As contrasted with the evidence of the plaintiff that she rented the premises from Wall Realty Company Inc. the evidence offered by these receipts alone, was not sufficient to demand a finding that the defendant was not the landlord. In fact, the evidence did not indicate with any degree of probative value that any one besides the defendant was the plaintiff's landlord.

The evidence did not demand a verdict for the defendant. There were issues of fact which would have authorized the jury to find that the defendant was negligent, and that the relation of landlord and tenant existed between the plaintiff and the defendant. The petition as amended set out a cause of action, and her evidence tended to support it. The court erred in directing the verdict for the defendant. *Jobson* v. *Caldwell*, 53 *Ga. App.* 731 (187 S. E. 117); *Shanks* v. *Cowart*, 48 *Ga. App.* 30 (171 S. E. 774).