### 31611. SANDERS v. A. T. HOLT COMPANY.

MacINTYRE, P. J. 1. "In an action by a tenant against a real-estate company as landlord, to recover damages resulting from alleged defects in rented premises, where it positively appears from the testimony of the tenant herself that the company was only the agent for somebody else, and that it did not purport to be renting it to her for itself, but for another, and where rent receipts were signed by the company 'as agents for the owner,' the first of which showed the owner to be one other than the company, and where there is no other evidence authorizing a finding by a jury that the real-estate company entered into a rental contract with the tenant as landlord and in its own name, a verdict for the real-estate company was demanded, even though the tenant was not informed as to the ownership of the property rented, either voluntarily or in response to request for the information." *Brand* v. *Wall Realty Co.*, 68 *Ga. App.* 693 (23 S. E. 2d, 454). In the instant case, it positively appears from the allegations of the petition that the plaintiff and her husband not only knew that the defendant was only the agent for someone else, but had rented the premises from the owner—assuming that the duty to repair is not sufficient to establish the relationship of landlord and tenant.

2. While one may be a landlord without being the owner of the premises, yet the agent of the landlord to collect rents who agrees and assumes the duty of making repairs does not become the landlord of the tenant, and no recovery can be had against such agent as landlord.

3. Construing the petition most strongly against the plaintiff, the question of the defendant's liability as agent for the nonresident landlord because of misfeasance in failing to make necessary repairs is not presented, and has not been considered by this court.

4. The trial judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED OCTOBER 9, 1947. REHEARING DENIED DECEMBER 12, 1947.

*L. Eugene Jessup,* for plaintiff.

*J. M. Hancock,* for defendant.