ALBERT B. Ross, administrator, plaintiff in error, *vs.* the CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

This case is controlled by the case of *Ross, administrator, vs. The Central Railroad and Banking Company*, 53 *Ga.*, 371, the fraudulent transaction out of which the two cases arose being one and the same, and the principle of *stare decisis* must be applied.

Prescription.   *Stare decisis.*   Before Judge Hill.   Bibb Superior Court.   April Term, 1877.

For the facts, see the opinion.

J. RUTHERFORD, for plaintiff in error.

R. F. LYON, for defendant.

JACKSON, Judge.

This was an action of ejectment, which turned upon the following facts: Wm. Bond died in 1851, leaving a will devising his lands to two only children of his daughter, who married O'Connor first, the father of the children, and Kap, her present husband, before her father's death. Mrs. Kap destroyed the will, and kept the fact concealed from her children and son-in-law, plaintiff's intestate, who married

one of the grand-daughters of Bond before the latter's death. Dillard, in 1856, finding that Mr. and Mrs. Kap were selling the property, and not knowing of any will, took out letters of administration on Bond's estate, and sued a person to whom they had sold a lot in 1857, was defeated in the suit, as Mary Kap was the only child of Bond. Dillard knew nothing of the will until 1868 or 1869, when he established a copy of it, and brought suit in 1871. His wife was sixteen when he married her, and lived twelve years and died, the other devisee having died without issue previously, leaving Dillard, as heir of his wife, entitled to the devise. Kap and wife knew of the will and devise when they deeded the land in dispute to Mrs. Clark, in 1852, for value. Mrs. Clark, in 1855, conveyed it to her children, reserving life estate in herself; after her death, the guardian of the children legally sold the premises to Emma Wright, in 1866, and in 1869 Emma Wright sold to Maxwell, and Maxwell, the same year, to defendant—the Central Railroad and Banking Company. Neither Louisa Clark, who bought in 1852, nor any subsequent purchaser, had notice of the fraud in destroying the will, and the possession was continuous and uninterrupted until suit by Dillard, in 1871. Dillard died *pendente lite*, and Ross was made administrator and party in his stead.

On these facts, which were submitted to the court without a jury, the court rendered judgment for the defendant, on its title, by prescription; and plaintiff excepted. So that the single question made is this: Is the railroad company, being an innocent purchaser without notice, in possession of land more than seven years by itself, and other purchasers equally pure, protected by prescriptive title against the true owner by chain of title, though such owner did not discover the fraud until a short time before he died; or, in other words, is a prescriptive title, acquired by seven years' possession, in the hands of an innocent purchaser, without notice of the fraud, good against the holder of the legal title, who sues as soon as he discovers the fraud?

The question was decided by this court in a case arising under the same state of facts existing in this case, on a part of the identical lands devised in this destroyed will, and sold originally by the same party who first conveyed in this case—indeed, a part of the same lot, as we understand from the two cases. It is almost *res adjudicata*. At least *stare decisis* must be applied to the principle which controls this part of the same property, a portion of which was adjudicated before. 53 *Ga.*, 371.

It would look exceedingly awkward, to say the least, to have two decisions on the identical facts embracing parts of the same lot diametrically different; and, whilst the chief justice adheres to the views expressed in his dissenting opinion in 53 *Ga.*, 371, yet he concurs with the other members of the court in the propriety of applying the principle of *stare decisis* to this case, as it is the same transaction which was passed upon before.

Judgment affirmed.