93   259
o111  610

### The Central Railroad and Banking Co. *v.* Brantley.

1. Where a valid municipal ordinance, broad enough to cover the running of locomotives in yards of railroad companies within the city, limits the speed to five miles an hour, it is negligence *per se* relatively to employees whose duty requires them to cross or be upon the tracks within these yards, to violate the ordinance by running at a higher speed.
2. If such violation caused the death of such an employee, and if he was not at fault and could not by ordinary care and diligence have avoided the consequences to himself which resulted from such violation, his widow would, under the statute applicable to negligent homicide, be entitled to recover.
3. Though there are no degrees in ordinary care, yet as more or less care is required under different circumstances to amount to ordinary care, it was a mere verbal inaccuracy to submit to the jury the question of what degree of ordinary care would be requisite under the circumstances of the particular case; and the court having plainly referred to the jury for their determination what diligence under all the circumstances would amount to ordinary care, the inaccuracy was harmless.
4. As a general rule, an employee of a railroad company, while engaged in the performance of his duties, has the right to act upon the belief that the other employees will observe the rules of the company prescribed for the safety of such employees, and municipal ordinances applicable to the situation. This, however, does not absolve him from caring for his own safety in so far as every prudent man would do so under like circumstances.
5. Reading the charge of the court all together, there was no material error in instructing the jury ; and the evidence warranted the verdict.                              *Judgment affirmed.*

January 27, 1894.

Action for damages.    Before Judge BARTLETT.    Bibb superior court.    April term, 1893.

The widow of Brantley sued to recover the value of his life.    The jury found for her $8,000, and the railroad company excepted to the refusal of a new trial. The declaration alleges: Brantley was employed by the defendant as a yard hand in its yard in the city of Macon, where freight-trains were made up and through which its freight and passenger-trains were accustomed to pass.    On account of the frequency of the passage of trains through the yard and in making up of trains, a considerable number of switches are used in the yard; and on account of these facts it was the duty of the company to run its engines and trains through the yard at a slow rate of speed, to keep its switches properly arranged and its track free of obstructions, and to give its employees timely warning of the approach of engines through the yard, especially when they were engaged in the discharge of duties which required their attention in a direction opposite to that in which such engines were approaching.    On May 20, 1888, Brantley was riding on a switch-engine of the defendant in the discharge of his duties.    Observing that a switch they were approaching had not been properly arranged by the employee whose duty it was to arrange it, Brantley gave a signal to the engineer to slack up, jumped from the engine and began to fix the switch right, being then and there in the discharge of a necessary duty growing out of his employment.    His attention was thereby concentrated upon what he was doing, and he was looking in the same direction as that in which the switch-engine was going; and at the same time another engine of the company, one of its regular train-engines, was coming up in the opposite direction, running at the rate of twenty miles per hour, a greater speed than engines usually ran in the yard, and greater than it should have

been running at this time and place. The engineer and train-hands on said train, although in full view of Brantley arranging the switch, gave him no signal or warning of the approach of the engine behind him, but ran the engine over his body before he could get off the track. It was the regular duty of another employee of the defendant to have set the switch right before the switch-engine approached it; but it was the absolute duty of Brantley, on seeing the switch was wrong, to get down from his engine and adjust it. He was without fault. If his purpose was not as above set forth, then it was his purpose in getting down from the engine to cross the track and go to the yard of defendant's road to report his delivery of cars by the switch-engine. This it was his duty to do; in the discharge of which he had a right to be on the track, knowing that said freight-engine had about reached a point where it should run slowly in order to see whether the switchmen ahead had arranged the switches for the freight-engine to go forward or to wait for certain passenger-trains; and he believed and had the right to presume that the freight-engine was thus running slowly and had about come to a stop. On the contrary, the engine was negligently and unlawfully running at the rate of twenty miles an hour, and while thus running, struck Brantley violently, hurling his body from the track and killing him almost immediately. For a further count, it is alleged that a plank was improperly lying across the track about the place where Brantley was standing, it being defendant's duty to keep a safe and clear track, and permitting the plank to be across the track being negligence on defendant's part. Almost at the moment of being struck, or shortly before, Brantley observed the approach of said engine and attempted to get off the track, but in so doing his foot struck against the plank and he was thereby prevented from saving his life, as possibly he might have done.

The grounds of the motion for a new trial, material to be reported, are:

1. The court charged: "Now, in order to determine the question with reference to who is at fault and who is not at fault, I charge you it would be negligence *per se*, that is as a matter of law, for defendant's servants to disregard and violate a requirement of a valid municipal ordinance of the city of Macon, as to the manner of running its trains at a rate which they should not be run within the city limits." Defendant contends that the question of negligence involved in this case was a matter of fact for the jury, not a matter of law; and that this part of the charge interferes with the province of the jury to pass on all questions of negligence involved in the case, and was liable to create the impression on the jury that, as a matter of law, defendant was negligent, and that plaintiff was entitled to recover.

2. The court charged: "If the defendant was negligent in this respect, and if such negligence was the cause of the death of plaintiff's husband, and if Brantley himself was not at fault and could not by ordinary care and diligence have avoided the consequences to himself caused by defendant's negligence, if it was caused by defendant's negligence or negligence of defendant's servants in the running of its trains at a greater rate of speed and in a different manner than that provided for by the ordinance, the plaintiff would be entitled to recover as a matter of law in the case." Defendant contends that the last clause of this instruction was erroneous, misleading and argumentative, and that the jury might have understood it as an intimation that the plaintiff was entitled to recover.

The court charged: "Therefore you inquire into the evidence what the ordinance of the city of Macon is with reference to the rate of speed at which trains should be run in the city of Macon. Inquire whether the kill-

ing occurred, if one did occur, within the city of Macon, and therefore determine, was the act of crossing the track the act of a prudent man under the circumstances under which he acted, and was he killed while crossing the track or while upon the track, and was that the result of defendant's failure to comply with a valid ordinance of the city?" Objected to as unduly restricting the issues in the case, as argumentative, and as making the whole case turn chiefly upon the single circumstance of violating a municipal ordinance, leaving out of consideration the other elements in the case, such as the gross negligence of Brantley in leaping in front of a moving train which he had been hearing and looking at, and knew the speed of, for a distance of 300 yards, which defendant contends was the undisputed evidence. Further it is contended that the inference derived from the use of the word "therefore" in the second sentence of this charge, was, that the fact that the killing occurred in the city of Macon where the ordinance was of force, was to determine the question whether the act of crossing the track was the act of a prudent man.

3. The court charged: "It is a question of fact for the jury to determine, what degree of ordinary care is required of an employee engaged in his duties upon the track, and what degree of ordinary diligence is required of the company's servants in protecting any of the servants so at work on its track, and whether the same degree is required from an employee so employed on the track as other persons crossing the track whose duty does not carry them there on the track." Defendant says this charge was argumentative and incorrect, and that it was erroneous in assuming that Brantley was carried by his duty across the track, the evidence clearly establishing the fact that he was not required by his duty and was under no necessity to cross the track at the time and place. And the charge intimated that a

less degree of diligence is required of an employee crossing the track than of a person not in the employment of the company, without charging in the same connection that every employee engaged in a hazardous undertaking assumes the risks necessarily connected with such occupation, and is held to a higher degree of diligence on account of the hazardous nature of the employment.

4. The court charged: "An employee has the right to act upon the belief that the other employees will observe the rule of the company prescribed for the safety of such employees, and the law of the city prescribed for that purpose." This charge without further qualification was misleading and prejudicial to defendant's side of the case, and left out of account the fact that the evidence all showed, as defendant contends, that Brantley could not fail to have seen and heard the engine that struck him, that it was the only moving engine near him, that its noise could not have failed to attract his attention, and that he was not acting on presumptions but had the evidence of his senses of sight and hearing to show him at what speed it was moving. It was error to charge that he could act upon presumptions, without charging in the same connection that he must act upon what he saw and heard at the time, and if he saw that the engine was moving at a high rate of speed, he had no right to act upon the presumption that it was moving at a rate different from that at which he saw it was moving, merely because the law required it to move at the slow rate.

5. Other portions of the charge were complained of in the motion, as argumentative, as intimating what was shown by the evidence, as not warranted by the evidence, and as presenting plaintiff's theory and ignoring the circumstances relied on by defendant to show that Brantley was negligent, etc. The motion further alleged that the verdict was contrary to law and evidence, and that the damages awarded were excessive.

STEED & WIMBERLY and JOHN R. COOPER, for plaintiff in error. HILL, HARRIS & BIRCH, *contra*.