## JOSEPH *v.* THE STATE.

1. That portion of section 1 of the act of 1916 (Acts 1916, p. 56) which provides that the Court of Appeals of this State "shall sit in divisions of three Judges each, but two Judges shall constitute a quorum of a division, . . and all criminal cases shall be assigned to one division. Each division shall hear and determine, independently of the other, the cases assigned to it," is not repugnant to the due-process clause of the constitution of this State or that of the United States.

2. Under the act in question, a decision by a division of three Judges, or by a majority of them, is a decision by the Court of Appeals of this State.

No. 913.  June 13, 1918.

Accusation of misdemeanor.  Before Judge Krauss.  City court of Brunswick.  March 23, 1918.

Peter Joseph was tried and convicted in the city court of Brunswick. He moved for a new trial. The new trial was refused, and he brought his case to the Court of Appeals of Georgia, and three Judges of the Court of Appeals, sitting as division No. 2 thereof, affirmed the judgment of the city court denying the motion for new trial. 21 *Ga. App.* 496 (94 S. E. 626). When the remittitur from the Court of Appeals reached the city court of Brunswick, the solicitor of that court moved to make the judgment of the Court of Appeals the judgment of the city court. Joseph objected upon the ground that his exceptions had not been passed upon and determined by the Court of Appeals of Georgia, but by only three of the six Judges of that court, and that so much of the act of 1916 (Acts 1916, p. 56) as provides: "The court shall sit in divisions of three Judges each, but two Judges shall constitute a quorum of a division. The assignment of Judges to each division shall be made by the Chief Judge, and the personnel of the divisions shall from time to time be changed in accordance with rules prescribed by the court. The division of which the Chief Judge is a member shall be known as the first division, and he shall be its presiding judge. He shall designate the presiding judge of the second division, and shall, under rules prescribed by the court, distribute the cases between the divisions in such manner as to equalize their work as far as practicable; and all criminal cases shall be assigned to one division. Each division shall hear and determine, independently of the other, the cases assigned to it," is unconstitutional because it deprives him of due process of law as guaranteed by the constitution of the United States (Civil Code, §§ 6688, 6700), and as guaranteed by the constitution of Georgia (Civil Code, § 6359). The solicitor of the city court demurred to these objections, which demurrer was sustained, and the remittitur of the Court of Appeals was made the judgment of the city court. Joseph excepted.

*Frank H. Harris,* for plaintiff in error.

*F. M. Scarlett Jr., solicitor,* contra.

GEORGE, J. (After stating the foregoing facts.) It is the contention of the plaintiff in error that the Court of Appeals consists of a bench of six Judges, and that the concurrence of the full bench, or at least of a majority of the Judges, is necessary for the making of a decision by that court. It is further insisted that the court itself has no right, under the constitution of Georgia, to divide itself into divisions of three Judges each, and that a decision by three Judges, or a majority of three Judges, is not a decision of the Court of Appeals. An attack is made upon the constitutionality of the act of 1916 (Acts 1916, p. 56), which in express terms provides for the organization of the Court of Appeals into two divisions of three Judges each, and that "all criminal cases shall be assigned to one division. Each division shall hear and determine, independently of the other, the cases assigned to it." The act in question further provides that "two Judges shall constitute a quorum of a division." Article 6, section 2, paragraph 8, of the constitution of this State (Civil Code, § 6505), provides: "The Supreme Court shall hereafter consist of a Chief Justice and five Associate Justices. The court shall have power to hear and determine cases when sitting either in a body or in two divisions of three judges each, under such regulations as may be prescribed by the General Assembly. A majority of either division shall constitute a quorum for that division." Section 6112 of the Civil Code provides for the organization of the Supreme Court into two divisions, and section 6113 thereof, with reference to the powers of the Supreme Court, provides: "Either division may render a final judgment in any case argued before it, and such judgment shall have the same force and effect as if rendered by the court as a whole: Provided, nevertheless, that the court shall, as far as practicable, endeavor to so conduct its proceedings as to have the concurrence of all the Justices in all judgments rendered, except in cases where there is an express dissent upon the part of one or more of them." The amendment to the constitution creating the Court of Appeals (Acts 1906, p. 24), codified as section 6506 of the Civil Code, provides in part as follows: "The Court of Appeals shall, until otherwise provided by law, consist of three Judges, of whom two shall constitute a quorum. . . . The laws relating to the Supreme Court, as to the qualifications and salaries of the judges, the designation of other judges to preside when members

of the court are disqualified, the powers, duties, salaries, fees, and terms of officers, the mode of carrying cases to the court, the powers, practice, procedure, times of sitting, . . and in all other respects, except as otherwise provided in this constitution, and until otherwise provided by law, shall apply to the Court of Appeals so far as they can be made to apply." The constitutional amendment ratified November 7, 1916, relating to the "Supreme Court and Court of Appeals; judges and jurisdiction" (Acts 1916, p. 19), provides in part as follows: "The Court of Appeals shall consist of the Judges provided therefor by law at the time of the ratification of this amendment, and of such additional Judges as the General Assembly shall from time to time prescribe. . . The laws relating to the Supreme Court, as to qualifications and salaries of judges, the designation of other judges to preside when members of the court are disqualified, the powers, duties, salaries, fees, and terms of officers, the mode of carrying cases to the court, the powers, practice, procedure, times of sitting, . . and in all other respects, except as otherwise provided in this constitution or by the laws as to the Court of Appeals at the time of the ratification of this amendment, and until otherwise provided by law, shall apply to the Court of Appeals so far as they can be made to apply." The act of 1916 (Acts 1916, p. 56), which increased the number of Judges of the Court of Appeals from three to six, and which further provided for the organization of the court into divisions of three Judges each, and which requires each division to hear and determine, independently of the other, the cases assigned to it, was approved August 19, 1916, and before the ratification of the amendment to the constitution last above referred to. By reference, therefore, the power conferred upon the Supreme Court "to hear and determine cases when sitting either in a body or in two divisions of three judges each, under such regulations as may be prescribed by the General Assembly," was conferred upon the Court of Appeals. This power is contained in the constitution. The act of 1916 was therefore within the competency of the legislature. The amendment ratified November 7, 1916, was necessary to fix the jurisdictions of the Supreme Court and of the Court of Appeals, and to provide for the writ of certiorari from the Supreme Court to review any case decided by the Court of Appeals, etc. This constitutional amendment was wholly unnecessary to confer

upon the General Assembly the power to increase the number of Judges of the Court of Appeals from three to six, or to provide for the dividing of the Court of Appeals into two divisions of three Judges each, with the power in either division to render a final judgment in any case argued before it. In the case of the Supreme Court the General Assembly has authorized it to divide into divisions; in the case of the Court of Appeals the General Assembly has provided for the organization of the court into divisions, with the power and authority above indicated. The act of 1916 (Acts 1916, p. 56) does not offend the due-process clause of the constitution of this State or that of the United States.

*Judgment affirmed. All the Justices concur.*