### 16745. PITCHFORD *v.* STODDARD *et al.*

Under the allegations of the petition the defendants' alleged wrong could not be said to be the proximate cause of the damage which the plaintiff claims to have suffered as a result thereof. The petition failed to state a cause of action, and was properly dismissed on demurrer.

DECIDED APRIL 20, 1926.

Action for damages; from Fulton superior court—Judge E. D. Thomas. June 3, 1925.

The plaintiff, by her petition as amended, sought to recover of the defendants $100,000 as damages, and alleged the following: Plaintiff was the owner of an apartment house in the city of Atlanta, consisting of eighteen units, all of which were rented except two. One of these was occupied by the plaintiff, and the other had been promised to a prospective tenant, who had made a deposit thereon and had planned to move in. The defendants —two men and a woman (the wife of a third man)—were on February 9, 1924, detected and arrested while they "were closeted in petitioner's apartment building, around a bottle of intoxicating liquor belonging to" one of them. Unit No. 7, where the defendants were arrested, had been occupied by one of the men and the woman clandestinely and for immoral purposes from the fall of 1923 until the date of their arrest, February 9, 1924. All three of the defendants were in the building at the particular time and place for the purpose of drinking whisky, and they did drink whisky, in violation of law. Because they were detected while so "closeted in a room of said apartment building surrounding and drinking the contents of a bottle of intoxicating liquor," cases were docketed against them in the police court of the city of Atlanta "under the specific charge of occupying a 'dive.'" On account of the nature and circumstances of the arrest and the prominence of the parties, the story of the arrest was published in practically all

---

Torts, 38 Cyc. p. 442, n. 88; p. 523, n. 14.

the newspapers of the south, and was read and talked about by the citizens of Atlanta and elsewhere. In the newspaper articles it was stated that the defendants were accused of occupying a "dive." The plaintiff had no knowledge of the fact that the defendants. "were present in her apartment building with a bottle of whisky, and . . said whisky was brought into said apartment building without petitioner's knowledge or consent." The plaintiff's house was not a "dive," but "was a respectable and refined apartment building in the most fashionable location of the city, and had always been tenanted by cultured people of the most refined and best families of Atlanta's exclusive social circles, and a most valuable piece of property." The building was worth $110,000, and the loans, taxes, and insurance thereon were being paid by revenues received from tenants, and the rentals were sufficient to take care of all the expenses necessary for the conduct and operation of the building and to reduce the loans materially, and "in the course of time all loans would have been paid and petitioner would have owned the property in fee simple, free and unencumbered." The plaintiff's tenants, however, "on account of the publicity and notoriety of the building in which it was dubbed both in newspaper articles and in conversation as a 'dive,' moved out and left the building with only three or four units occupied." Thereafter the revenues from the building were reduced below the amount necessary to pay the loans, interest, taxes, insurance, upkeep, and operating expenses, and the plaintiff's creditors took possession of the property and sold it under an order of court at a forced sale, on November 10, 1924, and petitioner was "bereft of all her right, title, and interest in and to the same." The unsavory publicity and notoriety given to plaintiff's apartment building, which was her home, greatly humiliated and embarrassed her, and made her extremely nervous, and caused her to suffer great physical and mental anguish, which undermined her health. The chief of police would not have docketed against the defendants the charge that they were guilty of occupying a "dive" but for their conduct as above indicated. The defendants, "in going into the apartment building of petitioner in the way and manner that they did, and being found by the police surrounding a bottle of whisky, and being arrested in said apartment building, was the direct and proximate cause of petitioner's injury and damage as herein al-

leged." The defendants "have by their acts and doings, as above set out, injured and damaged your petitioner in the sum of one hundred thousand dollars, for which she asks judgment against said defendants, jointly and severally."

The court sustained general demurrers filed severally by the defendants, and the plaintiff excepted.

*Scott, Hornbuckle & Moore,* for plaintiff.

*Jones, Evins, Moore & Powers, Hewlett & Dennis, King, Spalding, MacDougald & Sibley,* for defendants.

BELL, J. (After stating the foregoing facts.) The declaration in this case does not show a trespass upon the plaintiff's property. Construing the allegations most strongly against her, as must be done on demurrer, it does not appear that the defendants were in the plaintiff's building without her consent. The petition alleges that two of them had occupied unit No. 7 for some time immediately preceding their arrest, and that the plaintiff did not know that they were in the building with a bottle of liquor. It goes no further than to aver that the liquor was there without her knowledge or consent. But even if the petition should be construed as sufficiently averring that the plaintiff did not herself consent to the presence of the defendants in her building, it does not appear that one of her tenants did not consent thereto. There is nothing to show that the defendants were not in the building at the time of their arrest with the consent of some one having the right to permit them to be there. They committed no physical injury to the plaintiff's property or to her person, and the only wrong complained of is that two of them had been occupying the place for immoral purposes, and that all of them were violating the prohibition law at the time of their detection and arrest. The gravamen of the complaint is that their conduct caused the chief of police to suppose that the place was a "dive," whereas it was in truth a respectable and refined apartment building. The defendants' conduct could not be said in law to be the proximate cause of any of the damages sued for. Civil Code (1910), §§ 4509, 4510; *Clark* v. *Gay,* 112 *Ga.* 777 (38 S. E. 81); *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443); *Adamson* v. *McEwen,* 12 *Ga. App.* 509 (77 S. E. 591); *Hines* v. *Evans,* 25 *Ga. App.* 829 (105 S. E. 59). The court did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*