36177. ASSOCIATED TRANSPORTS, INC. *v.* GREESON *et al.*

Decided June 11, 1956.

48

*Pittman, Kinney & Pope,* for plaintiff in error.

*James B. Langford, Matthews, Maddox, Walton & Smith, Hardin & McCamy,* contra.

FELTON, C. J. There is nothing in the petition to show that the plaintiff was negligent in any particular. The fact that the host driver may have been guilty of such negligence as would bar a recovery by him does not necessarily bar recovery by the plaintiff guest. *A. C. L. R. Co.* v. *Coxwell,* 93 *Ga. App.* 159 (2) (91 S. E. 2d 135). Gross negligence in itself does not necessarily and as a matter of law amount to proximate cause. *Ga. Power Co.* v.

*Blum,* 80 *Ga. App.* 618 (57 S. E. 2d 18). It can not be said as a matter of law that the sudden and "violent" stopping of the truck without the giving of proper signals was not negligence, or that such did not combine naturally and directly with the negligence of the host driver to produce the injuries sued for. See *A. C. L. R. Co.* v. *Coxwell,* supra, (2). Whether, under the circumstances, the failure to give a signal amounts to common-law negligence, and whether, if such amounts to negligence, that negligence combined with that of the host driver to produce the injuries, are, in this case, questions which must be resolved by a jury. The plaintiff in error contends that the petition shows that the host driver saw the truck stopping when the automobile was 200 feet to the rear of the truck, but that the host driver did not attempt to stop until he was within 100 feet of the rear of the truck. The petition is not subject to such a construction.

The petition alleged a cause of action against the defendant Associated Transports, Inc.; therefore the court did not err in overruling the general demurrer.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*