19405. ATKINSON *v.* DRAKE.

WYATT, Presiding Justice. This is an action to enjoin the closing of a private way. The petition alleges that the defendant has strung a wire across the way, thereby closing it. In a former suit by one C. H. Gullatt against the same defendant seeking the same relief, Charles G. Drake, the plaintiff in the instant case, and Vesta G. Drake were made parties as executors under the will of C. H. Gullatt, who died during the pendency of the suit. This court in that case reversed the decision of the court below overruling the general demurrer to the petition. See *Atkinson* v. *Drake*, 212 *Ga.* 26 (89 S. E. 2d 888). Thereafter, Charles G. Drake filed his petition alleging substantially the same case as the former case before the attempted amendment thereto. The plaintiff in error filed

a plea of res judicata, which was stricken upon motion. He filed his demurrers which were overruled. The exceptions here are to the judgment of the court below striking the plea of res judicata and to the judgment overruling the demurrers. *Held:*

1. It was not error to strike the plea of res judicata for the reason it appears from the record that the parties plaintiff in the two cases are not the same. In the former case, Charles Grady Drake, the plaintiff in the instant case, was a party in his representative capacity only and he represented the estate of the deceased, C. H. Gullatt, who originated the case. In the instant case, Charles Grady Drake has brought suit in his own name, seeking relief in his own behalf. Under these circumstances, it was clearly not error to strike the plea of res judicata upon proper motion.

2. In so far as the ruling upon the general demurrer is concerned, it appears from a comparison of the petitions in the former case and in the instant case that they are in all material respects the same. The relief sought is the same, the cause of action is the same, and the situation alleged is the same. In *Atkinson* v. *Drake,* supra, this court said: "Where the only equitable relief sought was an injunction against the obstruction or closing of a private way after the obstruction had been placed therein, the petition was subject to general demurrer, since there was an available remedy at law under Code § 83-119. *Haney* v. *Sheppard, 207 Ga.* 158 (60 S. E. 2d 453)." Under this ruling, the judgment of the court below overruling the general demurrer to the petition was error.

3. The plaintiff in error contends in his brief that the instant case differs from *Atkinson* v. *Drake,* supra, in that in the instant case it is alleged that the easement is an easement running with the land and in that it is alleged that the closing of a private way is a continuing nuisance. An examination of the record in the former case, which is included in the record in the instant case, will reveal that both of these allegations are included in the petition in the former case. There is no material difference in the two petitions. It follows, there is no merit in this contention.

4. For the reasons stated above, the judgment of the court below overruling the general demurrer to the petition was error.

*Judgment reversed in part and affirmed in part. All the Justices concur.*

ARGUED JUNE 13, 1956—DECIDED JULY 10, 1956—
REHEARING DENIED JULY 24, 1956.

*Vester M. Ownby,* for plaintiff in error.
*Guy Parker, Harold Sheats,* contra.