37068. WRINKLE, by Next Friend *v.* RAMPLEY *et al.*, Admrs.

DECIDED APRIL 9, 1958.

454

*Jefferson L. Davis, J. R. Cullens,* for plaintiff in error.

*Henry A. Keever, William A. Ingram,* contra.

FELTON, Chief Judge. ■ The defendant, Jack Geurin, was sued as the personal representative of Raymond S. Harris, Jr., by virtue of Code § 3-505 as amended by Ga. L. 1952, p. 224. That Code section provides in part, "The personal representative of such wrongdoer . . . shall be subject to suit *just as the wrongdoer himself would have been during his life.*" (Emphasis supplied.) It follows that if the plaintiff could not have maintained the action against the decedent during his life, the action cannot be maintained against his personal representative. See *Thompson v. Watson,* 186 *Ga.* 396, 400 (197 S. E. 774, 117 A.L.R. 484). Had Raymond S. Harris, Jr., survived, the plaintiff could not have maintained an action against him. Code § 105-1306 provides that the husband and child or children must sue jointly and not separately for the death of the wife and mother. Where the father is living, the child or children cannot sue for the death of the mother without making the husband a party plaintiff. See *Thompson v. Watson,* supra. See also *Happy Valley Farms, Inc. v. Wilson,* 192 *Ga.* 830, 835 (16 S. E. 2d 720). Since Raymond S. Harris, Jr., had he survived, could not have been a plaintiff and defendant in the same action, no cause of action arose against him and, therefore, none survived as against his personal representative by virtue of Code (Ann.) § 3-505.

It is not necessary to decide whether the petition was subject to the general demurrer of Jack Geurin, as administrator of the estate of Raymond S. Harris, Jr., for other reasons.

■ Since no cause of action is alleged against the only resident defendant, the court did not have jurisdiction of the nonresident defendant Roy M. Rampley, Jr. *Stroud v. Doolittle,* 213 *Ga.* 32

(96 S. E. 2d 876); *Young* v. *Koger,* 94 *Ga. App.* 524 (95 S. E. 2d 385).

The court did not err in sustaining the general demurrer of Jack Geurin, as administrator of the estate of Raymond S. Harris, Jr., and in dismissing the action as to that defendant, and did not err in dismissing the action as to the defendant Roy M. Rampley, Jr.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*