41550. GRASHAM v. SOUTHERN RAILWAY COMPANY.

FRANKUM, Judge. The exception here is to the judgment of the trial court overruling the plaintiff's motion for a new trial based on the general grounds only and overruling her motion for a judgment notwithstanding the verdict. While there was some conflict in the evidence, the jury was authorized to find that the plaintiff's automobile was being driven by her brother along a public road in Floyd County at about 11 at night, at a speed in excess of 50 miles per hour, and that upon approaching a grade crossing with the defendant's tracks, he could have observed for a distance of some 1,200 feet the defendant's train approaching the crossing at a speed of about 10 miles per hour; that the headlight of the engine was burning and also the engine's "side lights"; that the engine's whistle had been blown; that the bell was ringing, and that notwithstanding this, plaintiff's brother, who was driving her automobile with her permission, failed to slacken the speed

of the automobile until he was within approximately 150 feet of the crossing, when he applied the brakes causing the automobile to skid sideways into the train, and that the engineer, upon realizing that the automobile might not stop, applied full emergency brakes on the train. Under the facts shown by the evidence the position of the plaintiff in this case is not unlike that of a guest passenger suing the driver of an automobile which collided with that driven by the host. In such a case, while the negligence of the host is not imputable to the guest, yet, if it be shown that the negligence of the host driver was the sole proximate cause of the collision and injuries of the guest, then the guest cannot recover against the driver of the other automobile. *Atlantic C. L. R. Co. v. Coxwell*, 93 Ga. App. 159, 166 (2) (91 SE2d 135). The evidence in this case was clearly sufficient to authorize the jury to find that the negligence of the driver of the plaintiff's automobile was the sole proximate cause of the damage thereto, and upon this theory the jury was authorized to render a verdict for the defendant. The jury having resolved this question in favor of the defendant upon consideration of conflicting evidence, and the verdict having the approval of the trial judge, this court is powerless to interfere. *Long Constr. Co. v. Ryals*, 102 Ga. App. 66 (1) (115 SE2d 726). Since the evidence authorized the verdict for the defendant, the denial of the plaintiff's motion for a judgment notwithstanding the verdict was proper. *Massachusetts Bonding &c. Co. v. Bins &c. Co.*, 100 Ga. App. 847 (112 SE2d 626).

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

SUBMITTED SEPTEMBER 14, 1965—DECIDED OCTOBER 19, 1965.

*Covington, Kilpatrick, Storey & Fredericks, Carl Fredericks,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* contra.