44523.   STANDARD OIL COMPANY v. HARRIS et al.
44549.   BOLDEN et al. v. HARRIS et al.

Argued May 29, 1969—Decided December 5, 1969.

*King & Spalding, Kirk McAlpin, John H. Watson, Jr.,* for Standard Oil.

*Pittman & Kinney, John T. Avrett,* for Bolden.

*John E. Wiggins, Shaw, Stolz & Fletcher, Irwin Stolz, Jr., Frank M. Gleason,* for Harris et al.

EBERHARDT, Judge. ■ The holding in *Bolden v. Barnes,* 117 Ga. App. 862 (162 SE2d 307) is controlling. There it was settled that "the cause of decedent's death was his removal of the gas cap simultaneously with the application of compressed air to the fuel line by the defendant's [Bolden's] employee which caused gasoline to spew out at the cap onto the decedent and into his eyes, causing him to retreat backwards into the kerosene heater and ignite."

This ruling, as a precedent which we must follow until and unless it is overruled (see *Code* § 6-1611; *Joseph v. State,* 148 Ga. 166 (96 SE 229)), eliminates any negligence on the part of the defendant Bolden as the cause of the event resulting in the death of Barnes and the injury of Miss Harris, and a verdict

against him could not stand. *Ross v. Central R. & Bkg. Co.*, 59 Ga. 299; *Bray v. Westinghouse Elec. Corp.*, 103 Ga. App. 783 (120 SE2d 628).

"True law is indeed right reason, conformable to nature, pervading all things, constant, eternal. . . It cannot be one law for Rome and another for Athens, one thing today and another tomorrow." Cicero, The Commonwealth.

■ There are allegations that the construction of the station by Standard Oil Company, its owner, was defective. It is gravely doubted that any defect in the construction is alleged. Nor does it appear that the station was not constructed in accordance with the general usages of those engaged in that business. As to that see *Pettit v. Stiles Hotel Co.*, 97 Ga. App. 137 (102 SE2d 693); *Kahn v. Graper*, 114 Ga. App. 572, 575 (152 SE2d 10); *Taff v. Harris*, 118 Ga. App. 611 (164 SE2d 881). However, this was a matter that movant should have dealt with in connection with the motion, and its failure to do so leaves the question unresolved. *Sanfrantello v. Sears, Roebuck & Co.*, 118 Ga. App. 205 (163 SE2d 256); *Colonial Stores, Inc. v. Turner*, 117 Ga. App. 331, 333 (160 SE2d 672).

But if it be conceded that a defect in construction is alleged, this was not the *cause* of the injuries, and this has been adjudicated, and the rule of stare decisis again comes into play. As to Barnes the cause was his own act of negligence, and as to Miss Harris, it was the intervening act of Barnes in negligently removing the gas cap and allowing the gasoline to be blown over himself from the tank. He knew that compressed air was being applied to the fuel line and should have known that this would cause the gasoline to be blown out of the tank if the cap were removed. That was the holding in *Bolden v. Barnes.* "It is not intervening *consequences*, but intervening *causes* which relieve." *Southern R. Co. v. Webb*, 116 Ga. 152, 156 (42 SE 395, 59 LRA 109).

■ More than half a century ago Judge Powell observed: "We have read of 'proximate cause' and of 'natural consequence,' and of other phrases expressing the same general idea; until eyes have grown weak with reading and brain fagged out with trying to understand what learned judge after learned judge and

learned law-writer after learned law-writer have said on the subject; and yet we realize that we have not pursued the subject further than to examine only a small percentage of the cases and of the text-books that we might have read. But the thought comes to us, that one may live in sight of the ocean for a lifetime, may sail upon it, may know its moods in the calm and in the storm, and yet not be able to answer some simple question as to a cup of cold water." *Atlantic C. L. R. Co. v. Daniels,* 8 Ga. App. 775, 778 (70 SE 203). The only difference today is that we have a good deal more text material and infinitely more case law on the subject.

"The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation. The causes that are merely incidental or instruments of a superior or controlling agency are not the proximate causes and the responsible ones, though they may be nearer in time to the result. It is only when the causes are independent of each other that the nearest is, of course, to be charged with the disaster." *Savannah Electric Co. v. Wheeler,* 128 Ga. 550, 562 (58 SE 38, 10 LRA (NS) 1176), and *Dunbar v. Davis,* 32 Ga. App. 192, 193 (122 SE 895). And see *Godwin v. Atlantic C. L. R. Co.,* 120 Ga. 747, 751 (48 SE 139); *Eberhart v. Seaboard A. L. R. Co.,* 34 Ga. App. 49, 54 (129 SE 2). "If damages are traceable to an act of negligence, but are not its legal or material consequence, or if other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote and contingent to be the basis of a recovery." *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436, 439 (99 SE2d 209), and cases cited.

While the injuries here may be "traceable" to the alleged defects in the construction, it is clear, under the ruling made in *Bolden v. Barnes,* 117 Ga. App. 862, supra, that the taking of the cap from the gasoline tank when it was being placed under pressure preponderates as the *cause* of the injurious effects.

Supporting this view are: *Mayor &c. of Macon v. Dykes,* 103 Ga. 847 (31 SE 443); *Central of Ga. R. Co. v. Price,* 106 Ga. 176 (32 SE 77, 43 LRA 402, 71 ASR 246); *Central of Ga. R. Co. v. Edwards,* 111 Ga. 528 (36 SE 810); *Andrews & Co. v. Kinsel,* 114 Ga. 390, 392 (40 SE 300, 88 ASR 25); *Southern*

*Transportation Co. v. Harper,* 118 Ga. 672 (45 SE 458); *Postal Telegraph-Cable Co. v. Kelly,* 134 Ga. 218 (67 SE 803); *Ga. Southern &c. R. Co. v. Corry,* 149 Ga. 295 (99 SE 881); *Blakely v. Johnson,* 220 Ga. 572 (140 SE2d 857); *Burnett v. Rome R. &c. Co.,* 7 Ga. App. 323 (66 SE 803); *City of Albany v. Brown,* 17 Ga. App. 707 (88 SE 215); *Harper v. Fulton Bag &c. Mills,* 21 Ga. App. 322 (94 SE 286); *Higginbotham v. Rome R. &c. Co.,* 23 Ga. App. 753 (99 SE 638); *Pitchford v. Stoddard,* 35 Ga. App. 276 (133 SE 59); *Cochran v. Wadley Southern R. Co.,* 44 Ga. App. 208 (160 SE 706); *Cain v. Ga. Power Co.,* 53 Ga. App. 483 (186 SE 229); *Pippin v. J. Regenstein Co.,* 58 Ga. App. 819, 822 (199 SE 790); *Seymour v. City of Elberton,* 67 Ga. App. 426 (20 SE2d 767); *Williams v. Southern R. Co.,* 76 Ga. App. 559 (46 SE2d 593); *Irwin v. Ga. Power &c. Co.,* 84 Ga. App. 665 (67 SE2d 151); *Davis v. City of Toccoa,* 93 Ga. App. 155 (91 SE2d 89).

4. If there was a "defect" in the construction, as claimed, it was certainly patent, the tenant Bolden having equal or better knowledge of it,[1] or opportunity therefor, and "It is the duty of the tenant 'to abstain from using any part of the premises the use of which would be attended with danger,' and such continued use of that portion of the knowingly [or apparently] defective premises which ordinary prudence would suggest would be attended with danger will amount to contributory negligence on the part of the tenant, such as would preclude a recovery for the injury which must have been reasonably anticipated. *Stack v. Harris,* [111 Ga. 149 (36 SE 615)]; *Donehoe v. Crane,* 141 Ga. 224, 225 (80 SE 712)." *Kleinberg v. Lyons,* 39 Ga. App. 774 (3) (148 SE 535).

Moreover, "It is a general rule that the members of the tenant's family, as well as visitors, customers, servants and licensees in general, stand in the same position, so far as injuries caused by a defective condition of the rented premises are concerned, as the tenant himself does," and "since the right of such third persons is dependent upon a breach by the landlord

---

[1]Plaintiffs allege that he entered the premises as tenant with knowledge of the alleged defect.

of his duty to the tenant, they would not ordinarily have any greater prima facie right than the tenant himself. 16 RCL 1067, § 588. As a general rule, the landlord is not liable to third persons for any injuries they sustain, occasioned by the wrongful act of his tenant, since the tenant is not the agent of the landlord, and he is not responsible as such for the tenant's misconduct. *Edgar v. Walker,* 106 Ga. 454 (32 SE 582); *Gardner v. Rhodes,* 114 Ga. 929 (42 SE 63, 57 LRA 749). . . [But] this does not mean that any *defense* available against a tenant would necessarily also be available against a stranger lawfully visiting the tenant. 36 CJ 224, § 913. In other words, conduct on the part of the tenant constituting contributory negligence such as might . . . bar a recovery on his part, would not necessarily be taken as constituting the proximate cause of an injury such as would bar a visitor who did not himself participate in the negligent act of the tenant." *Kleinberg v. Lyons,* 39 Ga. App. 774 (4), supra. To the same effect, see *Crossgrove v. Atlantic C. L. R. Co.,* 30 Ga. App. 462 (2) (118 SE 694); *Wall Realty Co. v. Leslie,* 54 Ga. App. 560, 562 (188 SE 600). Accord, *Finley v. Williams,* 45 Ga. App. 863 (166 SE 265); *King v. Investors Mtg. &c. Co.,* 51 Ga. App. 235 (179 SE 910); *Waddell v. Wofford Oil Co.,* 84 Ga. App. 617 (66 SE2d 806); *Dempsey v. Smith,* 108 Ga. App. 88 (132 SE2d 233). Compare Miller v. Sinclair Refining Co. (5 Cir.) 268 F2d 114; Standard Oil Co. v. Foster (5 Cir.) 280 F2d 912; Reckert v. Roco Petroleum Corp. (Mo.) 411 SW2d 199. See 32 AmJur 526, Landlord & Tenant, § 622.

It is to be observed, too, that the service station was constructed by Standard Oil in 1944 with a flue built in so that some kind of heating stove might be used. Plaintiffs allege that it was designed for using a stove with an open flame, though no reason appears why any kind of stove requiring a flue could not have been used by the tenant. The station was leased to Randall Bolden in 1961 and he had been in full possession and charge of it for approximately five years when the event occurred. It appears from the record that Bolden, the tenant, installed, operated and maintained the stove that was in use without any instruction relative thereto from Standard Oil.

While the stove was inside the building, the gasoline storage tanks and pumps were on the outside. There was space in a nearby portion of the building where some servicing was performed on cars of customers. It was there that the Barnes vehicle was located.

5. It does not appear that anything of this kind had happened before and we can see nothing to indicate that Bolden should have foreseen that Barnes would remove the cap from his gasoline tank just when an attempt to clear the line from the tank to the carburetor with compressed air was being made. Indeed, that is exactly what was held in *Bolden v. Barnes,* 117 Ga. App. 862, supra. And if not reasonably foreseeable to Bolden, who was present on the premises, how can it be said that Standard Oil, which was not on the premises and having little contact with them save at intervals to deliver oil to the tanks for retail selling, should have foreseen that it would happen? Foreseeability requires only that one having a responsible relationship to the situation anticipate that which is *likely* to happen. It is not what did happen, but what a reasonably prudent person should expect to happen, and fault is to be predicated upon his defective foresight rather than on hindsight which reveals a mistake. *Shockley v. Zayre of Atlanta, Inc.,* 118 Ga. App. 672 (165 SE2d 179). An event is not regarded as being foreseeable if it is one in the nature of an extraordinary coincidence, or a conjunction of circumstances, or which would not occur save under exceptional circumstances; if it is *unusual and unlikely to happen,* or if it is a *rare event* in experience, or if *other and contingent experiences preponderate largely* in causing the injurious effect. *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436 (99 SE2d 209); *Postal Telegraph-Cable Co. v. Kelly,* 134 Ga. 218 (67 SE 803); *Southern Transportation Co. v. Harper,* 118 Ga. 672 (2) (45 SE 458); *Mayor &c. of Macon v. Dykes,* 103 Ga. 847, 848, supra; *Henderson v. Dade Coal Co.,* 100 Ga. 568 (28 SE 251, 40 LRA 95); *Belding v. Johnson,* 86 Ga. 177 (12 SE 304, 11 LRA 53); *Powell v. Waters,* 55 Ga. App. 307 (190 SE 615); *Stallings v. Ga. Power Co.,* 67 Ga. App. 435 (20 SE2d 776); *Lyons v. Ga. Power Co.,* 78 Ga. App. 445 (51 SE2d 459); *Irwin v. Ga. Power &c. Co.,* 84

Ga. App. 665 (67 SE2d 151); *Peggy Ann of Ga. v. Scoggins*, 76 Ga. App. 109, 116 (71 SE2d 89); *Yarbrough v. Cantex Mfg. Co.*, 97 Ga. App. 438 (1) (103 SE2d 138); *Anderson v. B. F. Goodrich Co.*, 103 Ga. App. 453, 456 (119 SE2d 603); *Daneker v. Megrue*, 114 Ga. App. 312 (151 SE2d 157).

Where, as here, it appears that but for the intervention of Barnes in removing the cap of his gasoline tank the injuries to him and to Miss Harris would not have been suffered, the defendants Bolden and Standard Oil are not liable, for the reason that the causal connection between any negligence of Standard Oil in designing the building and of Bolden in attempting to clear Barnes' gasoline line with compressed air, if such there was, is broken by the interposition of Barnes' own act of removing the cap to his gas tank. *Perry v. Central Railroad*, 66 Ga. 746 (5). "If the injuries complained of did not flow naturally and directly from the wrongful act or omission attributed to the defendant, or could not reasonably have been expected to result therefrom, or would not have resulted therefrom, but from the interposition of some independent unforeseen cause, the defendant's such antecedent wrongful act or omission, if any, would not be the proximate cause of the injury complained of. If the injury could not be reasonably anticipated as the probable result of an act of alleged negligence, such act is either a remote cause or no cause." *Whitaker v. Jones, McDougald, Smith, Pew Co.*, 69 Ga. App. 711, 715 (26 SE2d 545). We held in *Bolden v. Barnes*, 117 Ga. App. 862, supra, that it was the act of Barnes which was *the cause* of the injuries suffered—an independent, unforeseen cause—and that it had not been reasonably foreseeable.

6. The rules of evidence apply in summary judgment proceedings, as is provided by the statute, and the hearsay rule proscribes any consideration of Mrs. Barnes' testimony as to what she was told concerning the incident, or what she may have learned from others. *Chandler v. Gately*, 119 Ga. App. 513 (167 SE2d 697), and cases there cited. Whether in support of or in opposition to the motion all testimony by affidavit, interrogatory and deposition must be upon the personal knowledge of the party testifying and not merely conclusory in

nature. The rule as to self-conflicting testimony of a party likewise applies. *Chandler v. Gately,* 119 Ga. App. 513, supra. To be considered, the evidence must be such as would be admissible if the witness were testifying on a trial and must have genuine probative value. *Resolute Ins. Co. v. Norbo Trading Corp.,* 118 Ga. App. 737 (165 SE2d 441).

7. Thus where under all of the admissible evidence, as here and as held in *Bolden v. Barnes,* 117 Ga. App. 862, supra, it appears that the cause of the injury, as to the decedent Barnes, either resulted from his own act or did not result from culpable negligence of the defendant, his administratrix cannot recover, for the simple reason that had he lived he could not have recovered for his injuries. *Southwestern R. Co. v. Johnson,* 60 Ga. 667; *Savannah, Fla. &c. R. Co. v. Stewart,* 71 Ga. 427 (3); *Bassett v. Callaway,* 72 Ga. App. 97 (33 SE2d 112). And see *Stone Mtn. Memorial Assn. v. Herrington,* 225 Ga. 746 (3). As we understand the holding in *Bolden v. Barnes,* 117 Ga. App. 862, it was that Bolden and his employee had been guilty of no wrongful act, and that Barnes was the victim of his own negligent act.

It is true that Miss Harris did not participate in the blowing of the fuel line of the Barnes vehicle or in the removal of the cap from the gasoline tank, but we have heretofore held that there was no negligence chargeable to the Boldens, the tenants. See *Kleinberg v. Lyons,* 39 Ga. App. 774 (5), supra; *Crossgrove v. Atlantic C. L. R. Co.,* 30 Ga. App. 462 (2), supra; *Wall Realty Co. v. Leslie,* 54 Ga. App. 560, 562 (188 SE 600); *Bolden v. Barnes,* 117 Ga. App. 862, supra.

8. As to Miss Harris, the negligence of Barnes having been established, her action against his administratrix is good, but absent culpable negligence on the part of the Boldens or their employee, or of Standard Oil Company, she can have no cause of action against either of them. *Southeastern Stages v. Abdella,* 75 Ga. App. 38 (41 SE2d 799).

"Notwithstanding the duty resting upon the defendants in the present case, the plaintiff would not be entitled to recover if it be shown that the proximate cause of her injury was some act for which neither of the defendants was responsible."

*McMahen v. Nashville, Chattanooga &c. R. Co.,* 68 Ga. App. 397, 402 (23 SE2d 81). It has been adjudicated that the act of the decedent, Barnes, for which neither the Boldens nor Standard Oil was responsible, was the sole proximate cause of the injury.

Summary judgments should have been entered on the motions of the Boldens and of Standard Oil Company.

*Judgments reversed. Bell, C. J., Jordan, P. J., Quillian and Whitman, JJ., concur. Hall, P. J., and Pannell, J., concur in part and dissent in part. Deen, J., dissents. Evans, J., did not participate.*

DEEN, Judge, dissenting. ■ In *Bolden v. Barnes,* 117 Ga. App. 862 (162 SE2d 307) Barnes' widow sued Bolden in a death action, alleging that Bolden's employee was negligent in blowing air into the gas line of Barnes' car while Barnes was removing the gas cap. The Court of Appeals held that: "The evidence shows that the cause of decedent's death was his removal of the gas cap simultaneously with the application of compressed air to the fuel line by the defendant's employee which caused gasoline to spew out at the cap onto the decedent and into his eyes, causing him to retreat backwards into the kerosene heater and ignite." I understanding this language as a holding that, as between Bolden's act of using compressed air and Barnes' act of taking off the gas cap, the negligence was attributable to Barnes and not to Bolden. No negligence regarding the construction or maintenance of the stove or the building was involved in that action.

Thereafter Miss Harris, a third party injured in the fire, sued Standard Oil Company and Barnes' estate. This case, between different parties, is based on a different theory of negligence: that Standard Oil Company was negligent in constructing premises to be used as a garage with doors closed and automobiles containing gasoline within close proximity to an open flame heater, which negligence combined with that of Barnes in removing the gas cap and caused the fire. The majority opinion holds that our decision in *Bolden v. Barnes,* supra, is stare decisis and is a controlling precedent. I agree that this is true only insofar as it holds that the act of Barnes was negligence

which was the proximate cause of Barnes' death. I do not agree that it is stare decisis or is controlling insofar as it may affect the right of action of a third party who says that *her* injuries were caused by the concurring negligence of the owner in constructing a garage intended to be heated by an open flame stove in the presence of automobiles and the act of Barnes in removing the gas cap. It appears to me that the majority opinion is considering our former opinion, both as to its effect on Miss Harris' right of action and on the third-party complaint of Barnes' estate, as though the first opinion constituted res judicata rather than stare decisis when it holds that neither Miss Harris nor Barnes' executrix has a right of action against Standard Oil Company. Stare decisis is simply "a principle of law which has become settled by a series of decisions generally binding on the courts and should be followed in similar cases." 21 CJS 302, Courts, § 187. And see *Humthlett v. Reeves*, 211 Ga. 210 (85 SE2d 25).

To say that as between Barnes and the tenant Bolden, Barnes' contributory negligence bars his widow's recovery (no question of maintaining a defective building being involved), or even to say that as between those two Barnes alone was negligent is a statement completely irrelevant to Miss Harris' complaint that she, a non-negligent plaintiff, was injured by the *concurring* negligence of Barnes and the Standard Oil Company. This court has fallen into the same error before by erroneously reasoning from cases holding that in a collision between an automobile and a standing train the motorist was the sole proximate cause of his injuries to a conclusion that where the action was brought by a guest passenger in an automobile who joined the motorist and the railroad as concurring tortfeasors it followed that, the motorist's act having been denominated the "sole proximate cause of his injuries," the guest also could not recover against the railroad. A total of seven cases to this effect were finally overruled in *Atlantic C. L .R. Co. v. Coxwell*, 93 Ga. App. 159 (2) (91 SE2d 135), where it was settled that although, as between two tortfeasors, one may be the sole cause of his misfortune, this does not mean that, as to an innocent third-party plaintiff, the negligence of both may not have concurred

to cause *her* injuries, and that this is always a matter of jury decision. As stated in the second headnote: "Where it appears that a plaintiff was injured or damaged through the negligence of two or more tortfeasors whose negligence is not imputable to the plaintiff and which concurs in constituting the proximate cause of such injury or damage, recovery may be had against any one or all of such tortfeasors. In determining whether or not alleged acts constitute negligence, questions as to diligence and negligence, including what negligence constitutes proximate cause of the injury, are peculiarly for the jury and will not be solved on demurrer, except where such questions appear palpably clear, plain and indisputable. Where reasonable minds might disagree as to whether such acts constitute actionable negligence, a jury question is presented. Where a jury question is otherwise presented as to whether the concurrent negligence of two defendants caused the plaintiff's injuries, the issue will not be resolved as a matter of law in favor of one defendant because the other defendant failed to exercise due care to avoid the consequences of such defendant's negligence. Accordingly, certain cases resolving such questions as issues of law rather than issues of fact are to that extent, as shown in the corresponding division hereof, overruled."

That this case is stare decisis as to the legal principle herein involved see *Associated Transports, Inc. v. Greeson*, 94 Ga. App. 47, 48 (93 SE2d 417); *Pittman v. Staples*, 95 Ga. App. 187, 191 (97 SE2d 630); *Atlantic C. L. R. Co. v. Studdard*, 99 Ga. App. 609, 612 (109 SE2d 523); *Knowles v. LaRue*, 102 Ga. App. 350, 352 (116 SE2d 248); *Smith v. Goodwin*, 103 Ga. App. 248, 250 (119 SE2d 35); *Georgia, Ashburn &c. R. Co. v. Rutherford*, 104 Ga. App. 41, 47 (121 SE2d 159); *G & R Waterproofing Co. v. Brogdon*, 104 Ga. App. 112, 115 (121 SE2d 77); *Buice v. Atlanta Transit System*, 105 Ga. App. 795, 797 (125 SE2d 795); *Browning v. Kahle*, 106 Ga. App. 353, 357 (126 SE2d 892); *Nat. Upholstery Co. v. Padgett*, 111 Ga. App. 842, 848 (143 SE2d 494); *Grasham v. Southern R. Co.*, 112 Ga. App. 486, 487 (145 SE2d 618); *General Motors Corp. v. Jenkins*, 114 Ga. App. 873, 884 (152 SE2d 796); *Rhodes v. Baker*, 116 Ga. App. 157, 159 (156 SE2d 545); 8 Mercer Law Review, p. 178. As

pointed out by Judge Bell in *Terry v. Central of Ga. R. Co.*, 108 Ga. App. 204, 207 (132 SE2d 573), the *Coxwell* case was decided "with the full accord of *all* of the judges," it has been followed many times since, and it should not be abandoned now.

This court may not decide as a matter of law what is or is not negligence, where negligence *may* exist as a matter of fact although not so denominated by statute. *Garrett v. Royal Bros. Co.*, 225 Ga. 533 (170 SE2d 294). If stare decisis (as opposed to res judicata) is involved in this case, it is because of the rule of law that a non-negligent plaintiff may sue two tortfeasors jointly, although, as between themselves, the act of one constitutes such negligence as to preclude his recovery from the other. Indeed, this latter is almost always true, for even if the negligence were divided 50-50 between the two defendants neither could recover from the other. And even if the act of one is the "proximate cause" of his injury, it does not follow that, as to a non-negligent plaintiff, a concurrent proximate contributing cause does not exist. This is especially true where, as in the railroad cases, the negligence of one tortfeasor is static and that of the other is active. See in this regard cases like *Central of Ga. R. Co. v. Swift & Co.*, 23 Ga. App. 346 (98 SE 256). "There may be more than one proximate cause of an injury," and where two negligent causes stand so related that neither would have produced a harmful result but for the other, and both causes are closely connected with the injury, the two negligent actors are guilty of concurring negligence. *Ponder v. McKinzie*, 89 Ga. App. 846, 850 (81 SE2d 551); *Milton Bradley Co. of Ga. v. Cooper*, 79 Ga. App. 302 (53 SE2d 761); *Atlanta Gas Light Co. v. Mills*, 78 Ga. App. 690 (51 SE2d 705); *Buice v. Atlanta Transit System*, 105 Ga. App. 795 (125 SE2d 795). The mere fact that injury would not and could not have resulted by reason of one defendant's negligent act alone will not of itself be taken to limit and define the intervening agency as constituting proximate cause, and will not prevent recovery from the other defendant. *Higdon v. Ga. Winn-Dixie, Inc.*, 112 Ga. App. 500 (145 SE2d 808). This is particularly applicable where the negligence of one defendant is static, and that of another is active. In *Nesmith v. Starr*, 115 Ga. App. 472 (155

SE2d 24), a defendant guilty of leaving machinery with a heavy steel blade unprotected provided a concurrent cause of injury, although no injury would have occurred but for the act of another in moving the blade. And in a case where the power company left uninsulated wires strung on light poles, the act of another who cut down a tree so that it fell on the wires and electrocuted him and another was, as to the innocent third party, only a concurrent proximate cause of injury, although the one who negligently cut the tree could not himself recover since his active negligence, as against the static negligence of the power company, was the proximate cause of his death. In the case sub judice one fact and one fact only is established from the previous *Barnes* decision, and that is that Barnes was negligent in taking off the cap from his gas tank, even though he did not know that air was being pumped into the line. Nevertheless, so far as Miss Harris is concerned, Barnes could have been drenched with a whole tank full of gas and it would not have harmed her. Only the explosion caused by the gasoline and the open stove in proximity to it caused her injury. Why, then, is it not a jury question as to whether the construction of a closed garage and the furnishing of an open-flame stove to be used therein constitutes negligence? If it does, it is certainly a contributing proximate cause. For these reasons I dissent from Divisions 1, 2 and 3 of the opinion.

■ Secondly, it should be pointed out that Miss Harris is not an employee of the tenant Bolden, and any negligence of Bolden in maintaining defective premises (which, however, was not in issue in the *Bolden* case, and obviously is not at issue here because Bolden is not a party)' is not imputable to her. Miss Harris alleges that she was an invitee. Her deposition shows that she is also an independent contractor, that she carried on at another location an independent business of keeping books and acting as public stenographer, that Bolden paid her $15 per month and that for this sum she came by his place of business about once a month, picked up his invoices, and took them to her place of business where she ran a bookkeeping service and made up the books. She sold services as other jobbers sell gasoline or repair parts, and Bolden had no control over the

time or manner of her work. Whatever effect her being an employee would have had on the case (and I do not think it would have any) she nevertheless was not an employee but an invitee whose presence in the garage was for the mutual benefit of herself and the defendant's tenant. For this reason I dissent from the 4th division of the opinion holding that since the tenant Bolden maintained the premises in the same defective condition in which they were furnished him by the landlord Standard Oil Company, and since Bolden if he were a plaintiff (which he is not) could not recover from Standard Oil Company (which he does not seek to do) an employee (which Miss Harris was not) would also be unable to recover from Standard Oil Company.

■ I dissent from the fifth division of the opinion because I consider it a jury question as to whether one who constructs a closed garage to be heated by a free-standing open-flame stove in close proximity to gasoline-filled automobiles in process of repair may be guilty of negligence in not anticipating that in the course of such repairs gasoline may be released into the air from these automobiles and thereby cause an explosion. If the injury in fact results from defective construction by the owner or under his direction or control, knowledge is conclusively presumed and liability attaches. *Monahan v. Nat. Realty Co.,* 4 Ga. App. 680 (62 SE 127); *Marr v. Dieter,* 27 Ga. App. 711 (1) (109 SE 532). "If there should be a defect in the premises, in the floor, the walls, the ceiling, etc., or in equipment which may constitute a part of the premises, that ought to have been discovered on a reasonable inspection and injury results therefrom . . . liability will attach." *Sinclair Refining Co. v. Redding,* 108 Ga. App. 466, 470 (133 SE2d 421).

■ This leaves for consideration the cross action of Mrs. Barnes as administratrix against Bolden, the cross appellant, in view of the prior decision against her in her individual capacity. As stated in *Atkinson v. Drake,* 212 Ga. 558 (93 SE2d 702) the rule here is that actions brought by a person in an individual and in a representative capacity are separate actions with separate entities as plaintiffs. Neither is controlled by the other

except to the extent that one will be a binding precedent on the other if they are "in all material respects the same." Cf. *Armstrong Furn. Co. v. Nickle,* 110 Ga. App. 686 (4) (140 SE2d 72). Now, it is true that regardless of the fact that the relief sought is different and the allegations and theory of negligence of the defendant are different (one case being based on respondeat superior and the other on original negligence in maintaining defective premises) the cases have one thing in common. Insofar as the negligence of the defendant is concerned, the actions of both a widow and a personal representative of the estate of the decedent are derivative in the same manner, in that both, as to this element of the case, stand in the shoes of the decedent and neither can recover unless the decedent, had he been in life, could have recovered against the defendant. See *Code Ann.* § 3-505; *Central R. & Bkg. Co. v. Brantley,* 93 Ga. 259 (2) (20 SE 98); *Wrinkle v. Rampley,* 97 Ga. App. 453 (103 SE2d 435); *Hightower v. Landrum,* 109 Ga. App. 510, 514 (136 SE2d 425). If the plaintiff were the same, she would be barred in the second action by reason of the fact that she might have, although she did not, include the present theory of negligence in the former action. Being a separate entity, she is not so bound, but she would be bound if the former action is an adjudication that the husband's act was the sole proximate cause of the tragedy, because in such a case neither the wife nor the administratrix would have a right of action. This poses a more difficult problem. Since, however, the negligence of the owner *qua owner* and of the tenant *qua tenant* were not before the court for decision in the former action, it is obvious that the concurring negligence, if any, of these parties insofar as building and maintaining the premises is concerned, was not involved in the former adjudication. If there was concurring negligence, but if the decedent failed to exercise ordinary care for his own safety, Mrs. Barnes as administratrix cannot recover from anybody, but the action of Miss Harris would of course not be affected. We take the necessary holding in *Bolden v. Barnes,* supra, only as adjudicating that Amos Bolden was not negligent in putting air pressure to the gasoline line of the decedent's vehicle under the circumstances shown to exist. It is not a

holding that Barnes' negligence was the sole proximate cause of his death. It was not error to deny the motions for summary judgment by the Boldens and by Standard Oil Company against the administratrix.

HALL, Presiding Judge, concurring in part and dissenting in part. I am of the opinion that this court was in error in *Bolden v. Barnes*, 117 Ga. App. 862 (162 SE2d 307) in holding as a matter of law that a jury could not find the hot stove to be a concurring cause of the injuries. For the removal of the cap by the plaintiff to be the sole proximate cause one would have to say that the incident would have happened regardless of any negligence on the part of Bolden as to the hot stove. Furthermore, I am also of the opinion that it is for a jury rather than a court to say which of several possible causes of an injury *preponderates* or whether or not they are concurring causes.

Nevertheless, I see no basis to say that a jury could find that Standard Oil Company had *built* and *leased* a defective garage. There is no evidence of anything defective in the building itself. I cannot see how Standard Oil can be held liable for the operation of the stove. Bolden, as an independent contractor, leased the building from Standard Oil in 1961. He borrowed the stove from Standard Oil in 1963. The stove was loaned without charge along with many other tools. The stove was installed, maintained, operated and serviced by Bolden and his employees. Standard Oil cannot be held liable for the manner in which the stove was operated.

I dissent from the judgment reversing the refusal to grant a summary judgment in behalf of the Boldens.

I am authorized to state that Judge Pannell concurs in this dissent.